No. 2585.

### E. KORITZ *v.* THE STATE.

1. PRACTICE—AMENDMENT—APPEAL BOND OR RECOGNIZANCE FOR AP-
PEAL must be entered into at the trial term, and can not be amended
after an appeal has been perfected.

2. NO SUCH OFFENSE AS MALICIOUS MISCHIEF is known, *per se*, to the
law of this State, and an appeal from a conviction for unlawfully
breaking and pulling down and injuring the fence of another must be
dismissed when the recognizance for appeal describes the offense as
malicious mischief.

APPEAL from the County Court of Washington. Tried below
before the Hon. Lafayette Kirk, County Judge.

The opinion discloses the case. A fine of five dollars was the
penalty assessed.

*Bassett, Muse & Muse,* for the appellant.

*W. L. Davidson.* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was convicted in the
court below upon an information charging him with breaking,
pulling down and injuring the fence of another, in violation of
article 684, Penal Code. Judgment was entered against him on
the twenty-first of November, and, his motion for new trial
having been overruled, he gave notice of appeal, and on the
ninth of December entered into recognizance in open court to
perfect his appeal. In this recognizance it was recited that he
was charged in the county court with, and had been convicted
of, "malicious mischief." The county court adjourned its term
on the ninth day of December, the day upon which the recog-
nizance for appeal had been entered into.

On the twenty-eighth of December, after adjournment and
during vacation, defendant filed an application in the nature of
a petition with the county judge to have his recognizance
amended or corrected so as to show that, instead of "malicious
mischief," the offense charged against him, and of which he
had been convicted, was "unlawfully breaking and pulling
down and injuring the fence of another," etc. To this applica-

tion the county attorney filed exceptions, which may be summed up to the effect, viz., that the county court had no jurisdiction over the matter, for the reason that the cause had been appealed to the Court of Appeals and the appeal perfected; that to allow a change or correction of the recognizance in the manner sought would be tantamount to allowing a new recognizance to be given, and that a recognizance for appeal could only be entered into during the term at which the conviction was had; and that the court could not enter *nunc pro tunc* at a subsequent term a sufficient recognizance to supply the place of a defective recognizance, after appeal had been perfected. At a hearing of the application in chambers, the county judge overruled the exceptions of the county attorney to defendant's application or motion, and then overruled said application and motion, and refused to amend and correct the recognizance; to all of which the defendant saved his bill of exceptions, and submits the same for error to this court.

As we understand it, the question presented has already been substantially decided by this court in Grant's case (8 Texas Ct. App., 432), where it was said: "The practice of amending recognizances after the term would tend to beget laxity and confusion in the administration of the law, and might oftentimes frustrate justice in this class of cases." "The recognizance must be perfected during the term, and can not be amended or entered *nunc pro tunc* at a subsequent term." (Willson's Crim. Stats., secs. 2648–2650.) And after the appeal has been perfected to this court, we know of no authority giving the court below jurisdiction to amend the recognizance which has been given to perfect the appeal. The court below did not err in overruling defendant's application to amend and correct the recognizance.

A motion is here made by the Assistant Attorney General to dismiss this appeal because the recognizance states no specific offense against the law. The offense stated in the recognizance is "malicious mischief." There is no such offense *per se* known to our law, and the motion must be sustained and the appeal dismissed. (McLaren v. The State, 3 Texas Ct. App., 680; Killingworth v. The State, 7 Texas Ct. App., 28; Waterman v. The State, 8 Texas Ct. App., 671; Morris v. The State, 4 Texas Ct. App., 554.) Motion granted and appeal dismissed.

*Dismissed.*

Opinion delivered January 18, 1889.