## S. C. GAINES v. THE STATE.

*No. 1057. Decided January 27th, 1897.*

**1. Local Option—Election Petition—Incorporated Towns—Information.**

Where the Justice's precinct, in which the local option election was held, embraced an incorporated town, an information for a violation of local option, adopted in said precinct, is not defective because it fails to allege that the petition for said election was signed by at least one-tenth of the qualified voters who voted in that town.

**2. Same—Presumption as to the Petition.**

On a trial for a violation of local option, it will be presumed that the petition for the election was properly signed because the statute (Revised Statutes, Art. 3386) so presumes, inasmuch as it expressly provides, that when the order for the election is made it shall be prima facie evidence that every legal prerequisite necessary to give it validity, has been complied with.

**3. Same.**

It devolves upon the party attacking the petition for a local option election, where a petition is required, to show that it was not properly signed.

**4. Same—Sale—Evidence Sufficient.**

On a trial for a violation of local option, the evidence is sufficient to support the conviction when it shows, that the purchaser bought the beer and told the defendant, who was indebted to him, to charge it to him.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for the violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

*J. G. Mathews*, for appellant.—The court erred in overruling defendant's motion in arrest of judgment, for the reason:

1. That the information in this cause fails to show that the Commissioner's Court, in ordering an election, mentioned in said information; and,

2. Because the Justices' Precinct No. 6, contains within its boundaries, an incorporated town, and said information fails to show that the

election mentioned in said information was ordered by the Commission-er's Court upon a petition of the qualified voters of said Precinct No. 6.

Where a local option law requires a petition for a precinct election by reason of there being an incorporated town, or city, within the boundaries of said precinct, it is necessary that the information on which the defendant is being prosecuted shall allege the petition. Stew-art v. State, 35 Tex. Crim. Rep., 392; Commonwealth v. Green, 33 S. W. Rep., 169.

The court erred in finding the defendant guilty for the reasons that the evidence in said cause is not sufficient to sustain a verdict. Caspary v. State, 14 Tex. Crim. App., 567.

*Mann Trice*, Assistant Attorney-General, for the State.—This court held in Stewart's case, 35 Tex. Crim. Rep., 392, that "an indictment for violating the local option law should allege that an order for elec-tion was duly made and published; that an election adopting the pro-visions of said law was held in accordance with the laws of this State, within the district where the alleged offense was committed; and that the result was declared by the Commissioners' Court." Under this decision the indictments in the series of local option cases submitted today are assailed, upon the ground that they do not allege that an order for the election was duly made and published. ·

The information in this case corresponding with all others of the series, reads as follows:   *  *  *   "S. C. Gaines, on or about the 9th day of April, 1895, and before the filing of this complaint, in the County of Hunt and State of Texas, did then and there in justice precinct num-ber six, in said county and State, sell to H. C. Burns, intoxicating liquor, to-wit: beer, and at said time, the sale of intoxicating liquor had been previously prohibited under the laws of said State, in said justice's precinct, which law at said time was in full force and effect, and said sale was made after the qualified voters of said precinct had at a legal election held for that purpose, in accordance with law deter-mined that the sale of intoxicating liquor should be prohibited in said precinct; and the commissioners of said Hunt County, State of Texas, had declared the result and legally passed an order to that effect, which had been published as required by law; and said liquor so sold, was not sold for sacramental purposes, nor as medicine, but was sold in viola-tion of law, against the peace and dignity of the State."

The substance of the objection to the indictment is, that while it alleges that the order declaring the result of the election was made and published, it does not, as required by the decision in the Stewart case, supra, allege that an order for the election was made and published—in other words, that the making and publishing of the order for the elec-tion, is a necessary prerequisite to the valid election, and must be charged in terms.

The proposition is that two orders of the Commissioners' Court, both to be opportunely published, are necessary to the validity of the local op-

tion law, in the prescribed district; the first, an order preceding the election, and ordering the election to be held; and the other, after the election, and declaring the result and the prohibition of sale.

There can be no doubt that the law requires the Commissioners' Court to make the order for the holding of the election, which order necessarily precedes the election. But that this order is required to be published is nowhere to be found in the statutes. So that it would seem that the indictment should charge the making of the order for the holding of the election: yet the statute not requiring the publishing of that order unless the posting of the notices of the election, which is made the province of the clerk and not of the Commissioner's Court be the publishing required in the Stewart case,—it would not be necessary for the indictment to charge such publication.

As to the necessary allegation, that the court made the order, ordering that the election be held, it is respectfully submitted that that allegation is sufficiently made in the averments, "and at said time the sale of intoxicating liquors had been previously prohibited under the laws of said State, in said justice precinct, and which law was at said time in full force and effect; and said sale was made after the qualified voters of said precinct had at a legal election held for that purpose, in accordance with the law determined, that the sale of intoxicating liquors should be prohibited," etc.

A "legal election" could only be held upon an order made by the Commissioners' Court. It would be legally held, only after the making of such an order by the Commissioners' Court, and could not be in accordance with the law, unless predicated upon such an order.

While preferable, it is not indispensible, that an indictment shall follow the exact language of the statute. It is sufficient to charge the elements of the offense in language plain enough to advise the accused of the charge against him. In this indictment the accused is advised that in violation of the local option law, legally in force, and adopted in accordance with law, that is, at a legal election, which could be legal only when predicated upon an order of the Commissioners' Court, he sold intoxicating liquor. Whether the election was in fact legal or illegal for want of the said order is a traversable question, independent of the indictment.

HURT, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and fined $25 and given twenty days in the county jail; hence this appeal. The information charges local option to be in effect in "justice precinct number six in Hunt County." The information, we think, is in proper form. See, Key v. State, post p. 77. It is insisted by counsel for appellant that, as there was situated in said justice precinct an incorporated town, therefore the information is fatally defective, because it does not allege that the petition for the election was signed by at least one-tenth of the qualified voters who voted at that town, etc. This is altogether unnecessary, and

made so by the statute.    Art. 3386, Rev. Stats., provides, "After the order for the election has been made, that this fact shall be prima facie evidence that all provisions necessary to give it validity or to clothe the court with jurisdiction to make it, have been fully complied with." We presume, because the statute presumes, that the petition was properly signed.    It devolves upon the appellant to show that it was not.    If in fact an incorporated city or town was within a precinct, and this fact was shown upon the trial, and the defendant should show there was no petition, the election would be void.    If the State should introduce in evidence a petition for an election in said precinct, signed by a sufficient number of persons, the defendant then must attack the petition by showing that the requisite number of voters of that city had not signed the petition.    This provision applies alone to a justice precinct, or subdivision of such county, embracing within its limits an incorporated town or-city, or portion thereof.    This is a remarkable provision.    The Commissioner's Court is authorized to order an election in the county, with or without petition, or any town or city therein; but when the election is to be held in a justice precinct, or subdivision of such county, and there is an incorporated city or town situated therein, there must be a petition signed by a certain portion of the qualified voters.    By considering "subdivision" to mean a town or city, the same things would be required.    These remarks made by the way.    We do not decide, where the election is for an incorporated city or town alone, that a petition is necessary.    Counsel for appellant insists that the testimony fails to support the verdict of the jury.    The information charges that the beer was sold to H. C. Burns.    Burns testified, in substance, that he was walking down the sidewalk in Commerce, in said precinct, when the defendant hailed him, in front of Crawford's saloon (defendant being a bartender in said saloon), stating to him that he had some beer at the house.    He went into the house, and, as he says, bought a bottle of beer from the appellant; that appellant opened the bottle, and witness drank it.    As Crawford, the proprietor, was in debt to the witness, Burns, he says that he told the appellant to charge the beer to him, but he is not certain whether appellant heard him.    Appellant was on the stand, and testified, stating that he gave Burns the beer.    He does not state that he informed Burns at the time that it was a gift, nor does he deny that Burns told him to charge the beer to him.    This matter was submitted to the jury by proper instructions, and they found a sale of the beer.    We do not think we would be authorized in setting their verdict aside.    The judgment is affirmed.

*Affirmed.*