## W. T. Youngman v. The State.

No. 1666. Decided November 17, 1897.

Motion for Rehearing Decided December 15, 1897.

**1. Local Option—Recognizance on Appeal.**

Violating the local option law is not an offense eo nomine, hence the essential elements of the offense, as stated in the indictment, must be recited in the recognizance on appeal to render it sufficient. [The law has been changed by the adoption of a new Form for the recognizance. C. C. P., art. 887, as amended by Acts 25th Leg., p. 5.—Reporter.]

### ON MOTION FOR REHEARING.

**2. Same—Amending Recognizance After Appeal Is Perfected.**

Where the recognizance on appeal is defective, it can not be amended nor a proper legal recognizance be entered into in the court below pending the appeal in order to perfect the appeal.

APPEAL from the County Court of Van Zandt. Tried below before Hon. John S. Spinks, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement required.

*Yantis & Geddie* and *Wynne, Greer & Smith,* for appellant, on motion for rehearing.—At a former day of this term, to wit, on the 17th day of November, 1897, this court on its own motion dismissed the appeal in this case, giving as a reason that the recognizance filed by appellant in the lower court was insufficient; that the crime for which he was tried and convicted in the lower court was not an offense eo nomine by statute, and therefore the substance of the charging part of the bill of indictment ought to have been given in the recognizance, and for a failure to do so the court on its own motion dismissed said appeal.

On the 19th day of November appellant filed a motion to reinstate said cause, and on the 23d day of November, 1897, he filed an amended motion to reinstate, alleging the sufficiency of the recognizance filed originally, and asking permission to cover the defects, if any, by filing a new recognizance.

We submit the rule laid down by the court is the correct one—that when a conviction is had for an offense that is not by statute an offense eo nomine, the recognizance must set out the substance of said charge.

The recognizance in this case we submit complied substantially with the requirements of law. It stated that the defendant, W. T. Youngman, who stands charged in this court with the violation of the local option law by selling to M. O. Bates one quart of intoxicating liquor in a subdivision of Van Zandt County, to wit, justice precincts numbers 1, 3, and 7, where the sale of intoxicating liquor had been prohibited and was then in force, for which said offense the said W. T. Youngman was tried and convicted. Code Crim. Proc., arts. 887, 888; Freeman v. State, 36 Texas, 254; Taylor v. State, 1 Texas Crim. App., 663; Buie v. State, 1 Texas Crim. App., 58.

We submit that when in a misdemeanor case a motion to dismiss the appeal is filed on account of a defective recognizance, and before it is acted on the defendant (appellant) files a good and sufficient recognizance, that the motion will be overruled, and this cause being dismissed without a motion, by the court, we submit the defendant ought to have the right to cure any defect apparent in the recognizance by filing one to meet the judgment of the court.

On the 17th day of November the court, on its own motion, dismissed the appeal in this case, because the recognizance was insufficient, and the defendant (appellant) at once filed a motion to set aside the judgment of dismissal and be granted leave to file a good recognizance to comply with the ruling of the court, which was by him made and entered into before the trial court, and a certified copy filed in this cause in this court, and a copy attached to his motion to reinstate, which we submit under the rules laid down by this court ought to be granted. Collins v. State, 29 S. W. Rep., 274; Collins v. State, 29 S. W. Rep., 275.

*Mann Trice,* Assistant Attorney-General, for the State.—Now comes the State, by attorney, and resisting the motion for rehearing and to reinstate filed by the appellant herein, moves the court to strike out and not

consider the recognizance filed herein on November 25, 1897, for the reason that the County Court of Van Zandt County had lost jurisdiction of said case and was wholly without authority to take any steps in said case; for that this case was tried at a term of the County Court of Van Zandt County, begun on the 7th day of June, 1897, and which adjourned on the 26th day of June, 1897. Notice of appeal was given on June 17, 1897. This is not a proceeding to substitute a lost record, or any portion thereof; but purports to be the entering into and filing of a new and independent recognizance, which, under the facts of this case, is not permissible. Code Crim. Proc., art. 884; Quarles v. State, 37 Texas Crim. Rep., 363; Lewis v. State, 34 Texas Crim. Rep., 126.

HENDERSON, JUDGE.—Appellant was convicted of selling intoxicating liquors in a local option territory, in Van Zandt County, in violation of law. The indictment charges the offense in appropriate language. That portion of the recognizance which undertakes to recite the offense is in the following language: "Conditioned that the said W. T. Youngman, who stands charged in this court with the offense of violating the local option law, by selling to M. O. Bates one quart of intoxicating liquor, in a subdivision of Van Zandt County, to wit, justice precincts numbers 1, 3, and 7, where the sale of intoxicating liquor had been prohibited, and was then in force, and who had been convicted of said offense," etc.

Violating the local option law is not an offense eo nomine; hence the essential elements thereof must be recited in the recognizance—that is, such was the law at the time this obligation was entered into. In Key v. State, 37 Texas Criminal Reports, 77, we stated the essential elements which constitute the offense of violating the local option law, and the recognizance should follow the allegations in said indictment; that is, should contain the essential elements of said offense as stated in the indictment. The recognizance in this case does not do so, but fails to state the essential elements of the offense. It is therefore defective, and the appeal is dismissed.

*Dismissed.*

HURT, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—On a former day of this term the appeal herein was dismissed because the recognizance was defective. It is here contended that the original recognizance is a good recognizance, reciting the offense substantially. We held that the recognizance was defective because it did not contain the essential elements of the offense. The recognizance fails to recite that the sale was made after the qualified voters of said county had, at a legal election, held for that purpose in accordance with the law, determined that the sale of intoxicating liquor should be prohibited in said precincts numbers 1, 3, and 7 and that the Commissioners Court of said county had declared the result, and legally

passed an order to that effect, which order had been published as required by law. These were the essential allegations of the offense, as prescribed by statute and as has been held by this court. See Key v. State, 37 Texas Crim. Rep., 77; Gaines v. State, 37 Texas Crim. Rep., 73. An examination of the language of the recognizance will show that these essential elements of the offense were not embodied in the recognizance. Appellant seeks now to retain the jurisdiction of this court by virtue of another recognizance, which he appears to have entered into in the court below at a succeeding term, and since the record was filed in the court, and refers us to Collins v. State, 34 Texas Criminal Reports, 95. The expressions used in that opinion, in the absence of the statement of facts, might indicate that, in our opinion, where a case had been dismissed on account of a defective recognizance, a new recognizance, complying with the law, could be taken, and in that manner the jurisdiction of the court maintained; but an examination of the statement of facts, in connection with the opinion, will show that it was not a new recognizance, but that a certiorari brought up the original recognizance, which appeared to be in sufficient legal form, the first recognizance sent up being defective on account of a clerical error in copying. We have held that, where the recognizance was defective, another proper legal recognizance could not be entered into in the court below pending the appeal, and so perfect the appeal. See Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 363.

We accordingly hold that it was not competent for appellant to enter into a new recognizance in the court below, and the motion for rehearing is overruled.

*Motion overruled.*