### L. T. DEMENT v. THE STATE.

No. 1382. Decided May 18, 1898.

1. **Statement of Facts—Order for Filing After Adjournment—Judge's Short Minutes.**

The judge's entry in his short minutes showing that he had allowed ten days after adjournment within which to file the statement of facts does not constitute any part of the final record, and would not authorize a statement of facts filed after adjournment to be considered as part of the record.

2. **Same—Certiorari to Perfect Record—Office and Purpose of.**

The office and purpose of a writ of certiorari to perfect a record is to bring up matters improperly omitted from the record; it can not be used to bring up an entry in the short minutes of the judge, but only orders in the final minutes of the court.

3. **Perfecting Record Nunc Pro Tunc—Practice on Appeal.**

A case on appeal will not be delayed in order to perfect the record below by a judgment nunc pro tunc, and carrying the same into the final records of the court.

**4. Reading Minutes of Court—Duty of Counsel.**

The statute requires the minutes of the district court for each day to be read on the succeeding morning after opening of court, and where counsel is not present at the reading of the minutes, it is his duty to look over the minutes and see that all necessary orders to perfect his appeal are properly entered. It is no excuse for his failure to do so, that the clerk told him all the orders had been entered.

**5. Fourth Application for Continuance—Diligence.**

A great deal of diligence would be required to entitle a party to a fourth continuance. Where the fourth application was predicated upon the absence of the same witnesses, as was his application seven months before, and no diligence is shown to procure the witnesses in the interim, the continuance should be refused.

**6. Continuance—Absence of Statement of Facts.**

In the absence of a statement of facts it can not be determined if the testimony of any of the absent witnesses was material to defendant.

**7. "The Rule"—Excusing Officers From.**

It is generally permissible to relieve officers of court from the effect of the rule where they may be witnesses, and unless the action of the court in relieving them is clearly an abuse of discretion it will not be ground for reversal.

**8. Bill of Exceptions to Admission of Unwarned Confessions Made in Arrest.**

A bill of exceptions to evidence of admissions or confessions to an officer by a person under arrest who has not been warned by the officer, to be sufficient, must set out the facts detailed by the defendant in his said statements, admissions, or confessions to the officer.

**9. Bill of Exceptions to Admission of Evidence to Impeach a Witness.**

A bill of exceptions to the admission of testimony to contradict a witness must show that the evidence of the witness sought to be impeached was material. If not material, then evidence to impeach such witness would not appear to be material.

**10. Refusal to Admit Testimony After the Evidence Is Closed—Practice.**

It is discretionary with the trial court ordinarily to admit testimony after the evidence has been closed, but a refusal to do so will not constitute reversible error unless injury or prejudice to the defendant is shown.

**11. Absence of Statement of Facts—Materiality of Evidence.**

In the absence of a statement of facts, the materiality of excluded testimony can not be determined.

**12. Manslaughter—Charge—Defining an Assault.**

It is not necessary for the court in a charge on manslaughter to define an assault.

**13. Charge—Self-Defense—Absence of Statement of Facts.**

In the absence of a statement of facts it can not be determined that a charge on self-defense was not called for.

APPEAL from the District Court of De Witt. Tried below before Hon. JAMES C. WILSON.

Appeal from a conviction for murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of John Moro, in De Witt County, on the 29th day of May, 1894.

The Assistant Attorney-General moved to strike from the record the purported statement of facts, the same having been filed after adjournment of the trial court without any order of court authorizing such filing.

Defendant's counsel filed the following counter motion and affidavits:

"L. T. Dement v. The State of Texas.—In the Court of Appeals of Texas, Austin Term, A. D. 1898.—Now comes the appellant in the above entitled cause and shows to the court that the transcript herein filed is imperfect in this, viz: It appears from said transcript that the order of the court granting to defendant, appellant, ten (10) days after adjournment of court in which to file a statement of facts in this cause is omitted from the record, and in support of this motion now comes the attorney for appellant, and being duly sworn on his oath declares that the judge of the District Court of De Witt County, Texas, made such order in this cause during the term of the court at which said cause was tried, and entered said order on the docket of the court, and that said order appears on the docket of said court, and that the same is in existence within the knowledge of affiant. Wherefore, defendant (appellant) prays that a certiorari forthwith issue from this court commanding the clerk of the District Court of De Witt County, Texas, to forward to this court without delay a perfect transcript of the record in this cause in accordance with the law.                                         W. J. BAKER,

"Attorney for L. T. Dement, Appellant."

"Sworn to and subscribed before me by W. J. Baker, attorney for appellant, L. S. Dement, on this 4th day of May, A. D. 1898.

[Seal.]                                      "E. P. SMITH,

"Clerk Court Criminal Appeals.


"L. T. Dement v. The State of Texas.—In the Court of Criminal Appeals, Austin Term, 1898.—Now in this cause comes the defendant (appellant), L. T. Dement, by his attorney, W. J. Baker, who being by me duly sworn on his oath declares as follows:

"I, W. J. Baker, was attorney for defendant, L. T. Dement, in the trial of his above cause in the District Court of De Witt County, Texas, at the December term, A. D. 1897, said trial occurring in January, 1898, of said term, and on the 19th day of January, 1898, there was a verdict of the jury finding defendant guilty and assessing his punishment at confinement in the penitentiary for the period of twenty-five years. Upon this verdict judgment was entered accordingly on January 19, 1898. On the 21st of January, 1898, this affiant prepared and filed a motion for new trial for defendant. That on the 31st day of January, 1898, this affiant presented said motion for new trial to the court, and the same was on said day overruled. That immediately thereafter on said day this affiant acting for said defendant, gave notice of appeal to this court, and asked that an order be entered by the court allowing to defendant ten (10) days after the adjournment of the court in which to file his statement of facts, and thereupon the said court said that he would grant the order, and wrote upon the docket an order granting to the defendant ten days time after the adjournment of court in which to prepare and file such statement of facts, and in entering such notation, the space on the docket on which orders in said cause were to be entered being insufficient,

39th Crim. Rep.—18

the court wrote that part of the order granting the extension of time in the top of the next space below, writing a portion on the original line separating the spaces. That the said space below was in form a space to be used for like purposes in another case, but the said order clearly and unmistakably appears to have been made in this cause, and the docket so shows it, and it was made by the court in this cause. That this affiant having been informed by the court that the order for ten days time was made and entered, the court making the statement in the presence of the clerk, and in the hearing of the clerk, the clerk to the certain knowledge of affiant standing but a short distance from the court and having been an interested auditor to the discussion of the motion for new trial, and apparently interested in the decision of the court thereon. This affiant retired from the courtroom. On the next day when the minutes were read this affiant was not present in the courtroom, but, arriving shortly after, inquired of the clerk if the rulings of the court of the preceding day in this case had been entered, and received replies that they had been. That this affiant, knowing that the order had been made and was one of the rulings, relied upon the statement of the clerk as to the entry, and did not inspect the minutes of the court. That this affiant then, with the assistance of the stenographer, began the preparation of the statement of facts in the cause, and by assiduous labor, frequently at night and during the day, completed the same on the 9th day of February, the day of the adjournment of court, and on that day delivered it to the district attorney, affiant having made utmost endeavor to secure it before the adjournment of court. That the court adjourned on the 9th day of February, and this statement of facts was signed and agreed to by the district attorney, J. V. Vandenberge, and this affiant, on the 10th day of February, too late to be forwarded to the judge for approval on that day, the judge having gone to his home in Karnes County on the 9th of February. That during the time between the 31st day of January and the 9th day of February this affiant was, a great portion of nearly every day, engaged in the transaction of other court business, under contracts of employment made long before the trial of this cause; that his actual personal attention was demanded, and he was in duty bound to attend these matters; but notwithstanding, every vigilance was used and reasonable exertion made to have this statement of facts filed in accordance with law. This affiant further says that he has ever felt an unusual degree of obligation resting upon him in this cause, on account of the fact of his having been appointed to defend appellant, and at no time has there been an inclination on his part to neglect any duty in connection with this cause.

"This affiant says that the district judge, Hon. J. C. Wilson, lives in Karnes County, Texas, distant about fifty miles from Cuero, where the case was tried, and that there was but one train per day running from Cuero to Karnes City, the home of the judge. That said judge adjourned court because, as he stated from the bench, he was too unwell to try other cases, and went immediately home, sick, on February 9, 1898. That immediately upon securing the signature of the district attorney to the

statement of facts, it was sent by the next mail, viz., on February 11, 1898, to the said J. C. Wilson, and was received by him the same day. That on the 12th day of February, 1898 (Sunday), Judge Wilson went to Beeville, Texas, to hold his regular term of the court there, and did not sign the said statement of facts until the 14th day of February, and on that day the same was by him returned to the district clerk at Cuero, Texas, and it was filed the same day by the clerk. That on Monday, the 13th day of February, 1898, the district clerk informed this affiant that there was no minute of the order granting ten days in which to file his statement of facts. That this affiant then informed said clerk that he, said clerk, had stated to affiant that the orders of the court had been entered, and said clerk reiterated that the orders were entered, but that there was no order granting the time. Immediately this affiant obtained the docket and with the clerk examined the same, and said order was pointed out to the clerk, who stated that on account of its position he had overlooked it.

"That immediately this affiant sought to telephone to Judge Wilson stating the facts and asking a proper correction, but could not get him to the telephone, it not being in order. That thereupon this affiant prepared and addressed a letter to said Judge Wilson stating the facts and asking that the record be corrected, and suggested that an order nunc pro tunc be sent forthwith to the clerk; that said letter was mailed on February 14, 1898, and was delivered to Judge Wilson the same day, and by the quickest possible method and route. That on said 14th day of February Judge Wilson, while in the trial of a case and before the mail of that day from Cuero had reached him, was, so affiant is informed reliably, seized with a sudden and serious illness, so violent as to cause his attendants to despair of his life; that he remained in this condition several days, and was in no condition to attend to business of any character until the 16th day of February. That on the 15th he was informed of the contents of affiant's letter, and sent word to affiant by V. B. Proctor, Esq., that he would correct the record as soon as he was able. That on the 16th of February, 1898, said Judge Wilson had prepared and forwarded to the district clerk of De Witt County the certificate, a copy of which is set out on page 29 of the transcript in this case, and had written to this affiant a letter stating that he had directed the clerk to receive and file the statement of facts in accordance with his order. This affiant says that he insisted upon the clerk copying the docket order and the certificate of the judge upon the minutes, but that the clerk refused so to do. Affiant says that when the clerk was shown the order of the court on the docket on the 13th day of February, this affiant insisted then that the clerk copy the same on the record, and that he declined so to do unless the court should so order. That this affiant in his letter to the court requested that the clerk be so directed to enter the said order on the minutes, and no order was made by the court so directing the clerk, yet the same was not in terms refused, but impliedly directed by the certificate of the judge aforesaid. This affiant says he was diligent in endeavoring to secure the state-

ment of facts before the adjournment of court, and that he did every-thing in his power to obtain the same.

"That the court having informed this affiant that the proper order was entered, in the presence and hearing of the clerk, and the clerk having informed this affiant that the orders of the court were entered on the minutes, this affiant says that he submits that due diligence was used by him, and especially as the clerk was standing near the court and must have heard his statement as to the order, and especially as the entry on the minutes by the clerk of the ruling of the court on the motion for new trial was taken from the docket, the next sentence appearing thereon being the order granting the ten days time.

"This affiant says that between the date of granting the order by the court for ten days and the 13th of February he had no knowledge of the fact that the clerk had omitted the order from the minutes, and relied upon the statement of the clerk that all orders had been entered. Affiant says if the court so desires he can procure affidavits from the clerk and the judge of said court sustaining this affidavit, and that a complete transcript of the record will show the order to have been made, and he asks that the statement of facts be considered as duly filed.

"W. J. BAKER.

"Sworn to and subscribed before me by W. J. Baker, affiant, on this 5th day of May, 1898.

"E. P. SMITH,
"Clerk Court Criminal Appeals."

The court declined to issue the writ of certiorari and refused to consider the statement of facts sent up with the record.

*W. J. Baker,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty-five years; hence this appeal.

The District Court of De Witt County adjourned on the 9th of February, 1898. What purports to be a statement of facts was approved by the judge on the 14th of February, 1898, and was filed by the clerk on the next day, the 15th of February. The Assistant Attorney-General has presented a motion to strike out the statement of facts, because it was filed after the adjournment of the District Court, and no order appears in the record granting ten days after the adjournment of said court within which to prepare and file a statement of facts. In reply to this, appellant has filed the affidavit of his counsel, to the effect that he applied for an order during the term, which was granted by the judge, allowing him ten days after the adjournment of said court within which to prepare and file

a statement of the facts. He also shows by said affidavit that the judge did make the entry on his short minutes allowing ten days after the adjournment of the term within which to prepare and file said statement of facts, but it is shown that said order was never carried into the minutes of the court. On this statement by affidavit, appellant asks this court to consider the order as made following the ten days, or else to authorize a writ of certiorari for the purpose of perfecting the record in this respect. We certainly can not consider the record in its present shape as containing such order. The fact that the judge may have allowed the ten days, and entered the same on his short minutes, would not constitute it any part of the final record of said cause; and the affidavit showing that it was so entered on the judge's short minutes would not authorize it to be considered as a part of the record. Nor would we feel authorized to grant a certiorari on the application. The effect of that would be not to bring up the entry in the short minutes of the judge, but only the orders entered in the final minutes of the court. Nor will the case be delayed in order to perfect the record below by a judgment nunc pro tunc, and carrying the same into the final records of the court. See Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 362; Youngman v. State, 38 Texas Crim. Rep., 459; Sheegog v. State, ante, p. 126.

Appellant, however, insists that he used due diligence to have said order entered, and that, therefore, the statement of facts ought to be considered. We note that he states in this connection that was not present the next morning, when the minutes of the court were read; that he subsequently asked the clerk if all the orders had been entered, to which he received a reply that they had; and he therefore did not take the pains to look to see if the particular order was entered, but relied on what the clerk stated to him. We can not regard this as sufficient diligence. It was his duty to see that the order was entered before the adjournment of the court. The statute requires the minutes of the district court of each day to be read on the succeeding morning at the opening of the court. This rule appears to have been followed in the District Court of De Witt County. But, without any excuse, appellant's counsel shows that he was not present on that occasion. If he was not then present, he should have looked over the minutes to see that all necessary orders to perfect his appeal had been properly entered.

Appellant complains of the action of the court in overruling his motion for a continuance. This appears to have been the fourth motion on the part of appellant for a continuance, and certainly a great deal of diligence would be required in order to obtain a fourth continuance. In this case no diligence was used to procure the absent witnesses. The application for continuance was made on the 17th of January, 1898. In June, 1897, an application for a continuance was made, predicated upon the absence of nearly, if not quite, all the same witnesses. Yet, after this, no diligence was used to procure their attendance. In the absence of a

statement of facts, we are unable to determine whether or not the testimony of any of the absent witnesses was material for the defendant.

The matter of placing witnesses under the rule is greatly within the discretion of the trial court; and it is generally permissible to relieve officers of court from the effect of the rule. Unless it appear very clearly that the discretion of the court had been abused, we would not reverse a case on this account.

Appellant complains of the action of the court in permitting the deputy sheriff Swift to testify as to statements made by defendant to him after the surrender and arrest of defendant. We are not exactly able to ascertain from the bill whether or not appellant was in fact under arrest at the time of the alleged statement to the deputy sheriff. The deputy sheriff testified that he had not arrested defendant; that defendant came to him, and told him he had killed "the damn Mexican," and that he wanted to surrender, that he purposely declined to arrest him until after he had asked him about the killing. Ordinarily this would constitute an arrest; but, if we concede that he was under arrest at the time, the bill of exceptions utterly fails to inform us what statements appellant made to the officer. The bill shows that after appellant came to the officer to surrender, and told him that he had killed "the damn Mexican," he then asked him how it happened, and defendant then detailed the facts to him. We are not informed what facts were detailed. These facts, for aught we know, may have been a full justification of appellant. They may have coincided exactly with the defense set up by him of self-defense. We are left in the dark in regard to the facts stated by the appellant. We make the same observation with reference to this bill as to the previous one,—that, even if the facts were stated, it would be impossible for us to tell how material they were, in the absence of a statement of facts.

Bill of exceptions number 4 does not show that the testimony of Tony Moro, the wife of deceased, was material. Therefore, evidence to contradict her would not appear to be material. Consequently, the court did not err in excluding the testimony of Eli Corduway. It is a matter very much in the discretion of the court to admit testimony after the evidence has been closed; and, unless the refusal of the court to allow such testimony is shown to be prejudicial, a case will not be reversed on that account. The same observation applies with reference to the testimony of Mrs. Hunter; and, with reference to the testimony of these witnesses, the materiality of the evidence can not be determined in the absence of a statement of facts.

It was not necessary for the court to define an assault. It is claimed, however, that in a charge on manslaughter, the jury would not understand how an assault could be adequate cause, unless they understood what an assault was. Not having the statement of facts before us, we can not even tell that manslaughter was in this case. We do not, however, concede that in a charge on manslaughter it is necessary for the court to define an assault. Counsel has indulged in an extensive criti-

cism of the court's charge on self-defense; but we have examined the same carefully, and do not regard said charge as subject to the animadversions of the able counsel in this case. The charge appears to be correct and applicable to self-defense. It is nowhere a charge on the weight of the testimony, nor does it anywhere improperly circumscribe or limit the right of self-defense. But, in the absence of a statement of facts, we can not even tell that such a charge was called for. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]