## Will Maxey v. The State.

### No. 1921. Decided February 28, 1900.

**1. Recognizance—Jurisdiction on Appeal.**

A recognizance taken for appeal from a misdemeanor conviction must be entered of record in the final minutes of the court during the term at which the appeal was taken. This is essential to the jurisdiction of the court on appeal. Affidavit of the judge that the recognizance was taken will not suffice.

**2. Same—Practice on Appeal.**

Where the record on appeal fails to show a recognizance properly entered in the court below and contains no certificate that appellant is in jail pending the appeal, the appeal will be dismissed.

APPEAL from the County Court of Shackelford. Tried below before Hon. I. M. CHISM, County Judge.

Appeal from a conviction of unlawfully playing at a game with cards; penalty, a fine of $10.

No statement necessary.

*Thos. L. Blanton,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of playing at a game with cards, and he prosecutes this appeal.

The Assistant Attorney-General has filed a motion to dismiss the appeal, because there is no recognizance in the record, nor a certificate that appellant is confined in jail. In reply to this, appellant has filed an affidavit of the county judge to the effect that a recognizance was actually taken in open court. This is not sufficient. The recognizance should have been entered of record in the final minutes of the court. A recognizance is an undertaking entered into before a court of record in session by a defendant in a criminal action and his sureties, by which they bind themselves, etc. The requisites thereof are prescribed by our statutes. Articles 303, 308, 886-888, Code Crim. Proc. From an inspection of these articles it is evident that, whatever the court may have done in the way of taking recognizance, it is not perfected until this recognizance is entered of record in the final minutes of the case. 20 Am. and Eng. Enc. of Law, 1 ed., 471. In Quarles v. State, 37 Texas Criminal Reports, 362, it was held that the entry of this recognizance could not be made nunc pro tunc, so as to give this court jurisdiction. In Thompson v. State, 35 Texas Criminal Reports, 505, it was held it was the duty of appellant to see that this recognizance was entered of record before the adjournment of the court, and that such recognizance could not afterwards be amended. And see Dement v. State, 39 Texas Crim. Rep., 271. We accordingly hold that, in order to give this court jurisdiction, it is necessary not only that the recognizance be taken, but that such

recognizance be entered of record during the term at which the appeal was taken. There being no recognizance in this case, nor certificate that appellant is in jail, the appeal is dismissed.

*Appeal dismissed.*