### Will Roberson v. The State.

#### No. 859. Decided December 7, 1910.

**Misdemeanor—Recognizance—Appeal—Practice on Appeal.**

Where upon appeal from a conviction of a misdemeanor, the record disclosed that the defendant's recognizance was not perfected during the term at which he was convicted in open court, but that he filed a bond thereafter, when the term of the court had expired, the appeal must be dismissed.

Appeal from the County Court of Burleson. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $5 and five days confinement in the county jail.

The opinion states the case.

*Batte & Minkert* and *L. O. Frain,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for a misdemeanor theft with a punishment of $5 fine and five days in the county jail.

The Assistant Attorney-General has filed a motion to dismiss this appeal on the ground that the defendant has escaped and is not in custody. The record discloses that the term of the County Court at which the defendant was convicted commenced on the 4th day of July, 1910, and adjourned on the 16th day of July, 1910. Defendant did not enter into a recognizance before the court at the term of his conviction, but after the term of the court had expired, on the 7th day of August, he presented to the sheriff of Burleson County bond in the sum of $200, signed by Thomas and Gambles, as sureties, and upon the presentation of this bond the sheriff released him from custody. Article 886, Code of Criminal Procedure, provides: "When the defendant appeals in any case of misdemeanor from the judgment of the District or County Court, he shall, if he be in custody, be committed to jail, unless he enter into recognizance to appear as hereinafter required; and if he be not in custody, his notice of appeal shall have no effect whatever until he enter into recognizance." Recognizance for the appeal must be perfected during the

term at which the conviction was had. It can not be done at a subsequent term. See Grant v. State, 8 Texas Crim. App., 432; Youngman v. State, 38 Texas Crim. Rep., 459. The recognizance must be taken in open court. We do not find in the law any authority for the sheriff to take a bond after the term of the court expires. If he does and releases the defendant such release will be considered by this court as an escape. Holding, therefore, that the action of the sheriff in taking the bond of the defendant after the expiration of the term, the appeal is of no effect and such an action on the part of the sheriff in releasing the defendant will be treated as an escape and the record failing to show that the defendant is in custody or a proper recognizance entered during the term, the appeal will be dismissed.

*Dismissed.*