### DICK BRINSON v. THE STATE.

No. 1879. Decided October 30, 1912.

**1.—Local Option—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were not filed within time, in an appeal from a conviction of misdemeanor, the same can not be considered.

2.—Same—Jurisdiction—Recognizance—Custody.

> Where no entry of recognizance appeared in the record on appeal, and the same disclosed that appellant was not confined in jail, the appeal must be dismissed.

Appeal from the County Court of Lampasas.    Tried below before the Hon. M. M. White.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was tried upon an information charging him with an unlawful sale of intoxicating liquors and convicted, and his punishment assessed at a fine of $25 and imprisonment in the county jail for twenty days.

This case was tried on the 2d day of November, 1910.    The statement of facts in this case was not presented to the county judge within the time allowed, and in fact was not filed with the clerk until the 26th day of March, 1912, more than sixteen months after the case was tried.    The bills of exception were not approved until the 26th day of March, 1912, and do not show when they were filed with the clerk; but, as shown by the record, were not approved by the judge until more than sixteen months after the adjournment of the term of court at which appellant was tried.    Such delay in filing the statement of facts and bills of exceptions can not be tolerated, and if the record was properly before us the motion of the Assistant Attorney-General to strike them from the record would be sustained.    However, there is a matter shown by the record which deprives this court of jurisdiction to enter any order than an order of dismissal.    The record discloses that appellant is not confined in jail, and while he, at the term, perhaps entered into a recognizance, yet, if so, no recognizance was ever entered in the minutes of the court.    The record must show entry of recognizance in the minutes of the court in order to confer jurisdiction on this court.    Maxey v. State, 41 Texas Crim. Rep., 556; Quarles v. State, 37 Texas Crim. Rep., 362; Youngman v. State, 38 Texas Crim. Rep., 459, and cases cited.

The appeal is dismissed.

*Dismissed.*