JOHNNIE SPARKS V. THE STATE.

No. 3934.   Decided February 2, 1916.

Rehearing granted February 16, 1916.

**1.—Carrying Pistol—Recognizance.**

· The record must disclose that a recognizance has been given or that the appellant is in jail and has been continuously confined therein to confer jurisdiction on this court. But where the case was dismissed and it was afterwards shown that defendant was in custody, the appeal is reinstated. Following McHenry v. State, 42 Texas Crim. Rep., 469.

**2.—Same—Insufficiency of the Evidence—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, the evidence did not show that defendant was off the premises on which he was living, the same is reversible error, although he might be guilty of firing his pistol.

Appeal from the County Court of Wichita.   Tried below before the Hon. Harvey Harris.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Ralph P. Mathis,* for appellant.—On question of insufficiency of the evidence:   Ball v. State, 25 S. W. Rep., 627; Ross v. State, 28 S. W. Rep., 199.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at thirty days confinement in the county jail.

The Assistant Attorney General moves ·to dismiss the appeal, there being no recognizance in the record, and it not affirmatively appearing by the record that appellant is in jail. The record must disclose that a recognizance has been given, or that the appellant is in jail and has been continuously confined therein, to confer jurisdiction on this court. McHenry v. State, 42 Texas Crim. Rep., 469; Harris v. State, 2 Texas Crim. App., 134; Brinson v. State, 68 Texas Crim. Rep., 49, 150 S. W. Rep., 776, and cases collated under art. 918 of Vernon's Crim. Proc.

The appeal is dismissed.

*Dismissed.*

DAVIDSON, JUDGE, not present at consultation.

ON REHEARING.

February 16, 1916.

HARPER, JUDGE.—On a former day of this term this case was dismissed because the record contained no recognizance, and did not affirmatively show that appellant was confined in jail. Attached to the

motion for reinstatement is the certificate of the clerk to an order, omitted from the original transcript, showing that appellant failed to give recognizance and was committed to and confined in jail. Therefore the cause is reinstated and the order of dismissal set aside.

It is shown beyond question that appellant had the pistol on the occasion in question and fired it off. His defense is that it was Christmas time, and he did not know it was an offense to .shoot the pistol; that he never got off the premises on which he was living. The State, by its evidence, does not make it clear that appellant was off the premises on which he was residing. On another trial, if this be true, this fact should be shown, when the testimony would sustain a conviction for unlawfully carrying a pistol, for the State's case is that he was not "celebrating" but shooting for a different reason. However, as the evidence does not show that appellant was off the premises on which he was living, the judgment will be reversed and the cause remanded. Even though appellant was guilty of an offense in shooting off the pistol, he would not be guilty of unlawfully carrying a pistol if he did not carry it off the premises on which he was living.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*