## WHITCOMB v. STATE. (No. 4249.)

(Court of Criminal Appeals of Texas. Nov. 8, 1916. On Motion for Rehearing, Dec. 20, 1916.)

1. CRIMINAL LAW ⬀1076(4)—APPEAL—RECOGNIZANCE.

Under the express provisions of Code Cr. Proc. 1911, art. 920, an appeal in a misdemeanor case tried in the county court can only be perfected by entering into a recognizance in open court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2711–2713; Dec. Dig. ⬀1076(4).]

2. CRIMINAL LAW ⬀1076(4)—APPEAL—JURISDICTION—RECOGNIZANCE.

An appeal bond will not answer the purpose of the recognizance required by Code Cr. Proc. 1911, art. 920, to perfect an appeal in a misdemeanor case tried in the county court, nor will it confer jurisdiction on the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2711–2713; Dec. Dig. ⬀ 1076(4).]

3. CRIMINAL LAW ⬀1076(4)—APPEAL—JURISDICTION—RECOGNIZANCE.

An instrument in the form prescribed for a recognizance, but which, instead of being taken in open court and made a matter of record, is signed by the obligors, approved by the judge, and signed by the clerk, is not a recognizance such as is required by Code Cr. Proc. 1911, art. 920, to confer jurisdiction on the Court of Criminal Appeals on appeal in a misdemeanor case tried in the county court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2711–2713; Dec. Dig. ⬀ 1076(4).]

On Motion for Rehearing.

4. COURTS ⬀116(2) — MINUTES—ALTERATION BY CLERK.

After adjournment of the county court, the county clerk had no authority without permission to add to or take from the minutes approved by the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 371; Dec. Dig. ⬀116(2).]

5. CRIMINAL LAW ⬀1076(4)—APPEAL—RECOGNIZANCE—ENTRY NUNC PRO TUNC.

The county judge is without authority after adjournment to order that a recognizance, taken but not entered in the minutes for the term, shall be entered nunc pro tunc.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2711–2713; Dec. Dig. ⬀ 1076(4).]

Appeal from Anderson County Court; E. V. Swift, Judge.

Mrs. Lacy Whitcomb was convicted of vagrancy, and appeals. Affirmed, and motion for rehearing overruled.

Kay & Seagler, of Palestine, for appellant. J. J. Strickland, Co. Atty., of Palestine, and C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of vagrancy in the county court, from which judgment she prosecutes this appeal.

There are several bills of exception in the record, but the Assistant Attorney General has filed a motion to dismiss this appeal on the ground that this court is without juris-

diction, and attaches to said motion the following certificate of the county clerk of Anderson county:

"I, J. I. Hopkins, clerk of the county court in and for Anderson county, Tex., do hereby certify over my official signature and seal that in cause No. 7009, styled State of Texas v. Mrs. Lacy Whitcomb in the county court of Anderson county, Tex., and now on appeal in the Court of Criminal Appeals of Texas, do hereby certify that the appeal bond filed was never recorded in the minutes of the court; said bond is dated April 21, 1916, and is signed by Mrs. Lacy Whitcomb as principal and C. M. Kay, F. E. Dublin, and R. V. Snaer as sureties; that this said appeal bond is the only bond ever filed by the said Mrs. Lacy Whitcomb and is the bond that the case was appealed on, and is the bond that was filed in my office and placed with the papers and copied into the transcript; that said bond was never recorded on the minutes of this court, and no bond in her case was ever recorded on the minutes of this court, and no recognizance in her case was ever copied on the minutes of this court; and the above appeal bond dated April 21, 1916, was the only bond or recognizance tendered me, and the only bond of any description filed in this court after her conviction."

[1-3] An appeal in a misdemeanor case, tried in the county court, can only be perfected by entering into a recognizance in open court. Article 920, Code of Criminal Procedure; Maxey v. State, 41 Tex. Cr. R. 556, 55 S. W. 823; Quarles v. State, 37 Tex. Cr. R. 362, 39 S. W. 668; Koritz v. State, 27 Tex. App. 54, 10 S. W. 757. An appeal bond will not answer the purpose of a recognizance, nor confer jurisdiction on the Court of Criminal Appeals. Palmer v. State, 63 Tex. Cr. R. 614, 141 S. W. 109; Herron v. State, 27 Tex. 337; Cook v. State, 8 Tex. App. 671; Arnold v. State, 3 Tex. App. 437; Bacon v. State, 10 Tex. 98; Saufly v. State, 83 S. W. 710. In Jones v. State, 1 Tex. App. 486, an instrument of the character and kind shown by this record to have been executed by appellant is held to be an appeal bond and conferred no jurisdiction on this court. For other decisions so holding, see Bennett v. State, 192 S. W. ——, decided at the last sitting of this court.

The appeal is dismissed.

On Motion for Rehearing.

[4, 5] Appellant has filed a motion asking that the order dismissing this case be set aside, and attached to said motion is the certificate of the county judge of Anderson county in which he certifies that he in fact took a recognizance, but that it was not entered in the minutes of the court for the term. The term of court at which appellant was tried adjourned the 1st day of last July, and after this court had dismissed this appeal, copying therein the certificate of the county clerk of date November 4, 1916, appellant or her counsel goes to the clerk, and without any order of the court, so far as the record discloses, has the clerk to copy the instrument filed, and so certify on the 14th day

of November, 1916. The clerk after the adjournment of court, without permission, had no authority to add to or take from the minutes as approved by the court; but, had the court ordered the bond entered nunc pro tunc, he would have no authority to do so, as has been frequently decided by this court.

The questions here presented have heretofore been passed on by this court, and we do not deem it necessary to discuss them again. In Maxey v. State, 41 Tex. Cr. R. 556, 55 S. W. 823, this court held:

"The Assistant Attorney General has filed a motion to dismiss the appeal, because there is no recognizance in the record, nor a certificate that appellant is confined in jail. In reply to this, appellant has filed an affidavit of the county judge to the effect that a recognizance was actually taken in open court. This is not sufficient. The recognizance should have been entered of record in the final minutes of the court. A 'recognizance' is an undertaking entered into before a court of record in session by a defendant in a criminal action and his sureties, by which they bind themselves, etc. The requisites * * * are prescribed by our statutes. Articles 303, 308, 886–888, Code Crim. Proc. From an inspection of these articles it is evident that, whatever the court may have done in the way of taking recognizance, it is not perfected until this recognizance is entered of record in the final minutes of the case. 20 Am. & Eng. Enc. of Law (1st Ed.) 471. In Quarles v. State, 37 Tex. Cr. R. 362 [39 S. W. 668], it was held that the entry of this recognizance could not be made nunc pro tunc, so as to give this court jurisdiction. In Thompson v. State, 35 Tex. Cr. R. 505 [34 S. W. 124, 612], it was held it was the duty of appellant to see that this recognizance was entered of record before the adjournment of the court, and that such recognizance could not afterwards be amended. And see Dement v. State, 39 Tex. Cr. R. 271 [45 S. W. 917]. We accordingly hold that, in order to give this court jurisdiction, it is necessary not only that the recognizance be taken, but that such recognizance be entered of record during the term at which the appeal was taken."

For list of authorities of recent date, see Knowlton v. State, 169 S. W. 674.

The motion for rehearing is overruled.