## H. K. BOECKLE V. THE STATE.

No. 9319.   Delivered October 7, 1925.

Reinstated, delivered January 13, 1926.

### 1.—Slander—Recognizance—Insufficient—Appeal Dismissed.

This record is before us without a recognizance, the only reference to same is the following: "Recognizance of Defendant, with Joe Miscovich and Alex Bonarden as sureties taken". This is wholly insufficient and the appeal must be dismissed. Appellant is granted 15 days from this date within which to file a proper recognizance. See Young v. State, 8 Tex. Crim. App. 81 and other cases cited.

#### ON MOTION TO REINSTATE APPEAL.

### 2.—Same—Appeal Bond Filed.

Appellant having filed a proper appeal bond, accompanied by a certified copy of the judgment rendered in the court below, the appeal will therefore be reinstated, and now considered upon its merits.

### 3.—Same—Allegation and Proof—Variance Fatal.

Where the information and complaint averred that appellant slandered one Josephine Massai, and the only State witness testified that appellant had stated to him in effect that "old lady Massai was even sleeping with other men," and there is no evidence that "old lady Massai" was the Josephine Massai as set out in the information, the variance is fatal. No inferences can be indulged against one accused of crime. Failure to prove the name of the female alleged to have been slandered is fatal to a conviction. Following Humbard v. State, 21 Tex. Crim. App. 200.

Appeal from the County Court of San Patricio County. Tried below before the Hon. J. C. Houts, Judge.

Appeal from a conviction of slander, penalty a fine of. $100.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of San Patricio County for the offense of slander, and his punishment assessed at a fine of $100.00.   The record fails to show a proper recognizance, and the only reference made to same is the following: "Recognizance of defendant with Joe Miscovich and Alex Bonarden as sureties, taken." This is insufficient to sustain an appeal and without a proper recognizance this court is without jurisdiction.   This doctrine is now so well established in this State, we think it is hardly necessary to cite authorities in support thereof.   In Branch's P. C., Sec. 611, p 313, it is stated: "An appeal in case of misdemeanor, will be dismissed by the Court of Criminal Appeals, if the record does not contain a proper recognizance or show the defendant has been continuously in jail since the conviction." Citing Young v. State, 8 Tex. Crim. App. 81; Sandifer v. State, 63 Tex. Crim. Rep. 361; Brinson v. State, 150 S. W. 776, and many other authorities.   The record fails to show either.   In passing we deem it prudent to call attention to the fact that there is no judgment shown in the record also.   For the reasons stated the appeal is dismissed.

The appellant is granted fifteen days from this date within which to file a proper bond.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant has filed a proper appeal bond, accompanied by a certified copy of the judgment rendered in the court below, and the appeal will therefore be reinstated and now considered upon its merits.

It is alleged in the information and complaint that appellant slandered one Josephine Massai. The statement of facts presents the testimony of but one witness, who testified that ap-

pellant came to his place of business on the morning of August 11, 1924, and said: "There is a bootlegging joint on one side of me and a whore house on the other." "I asked him what about it, and he said, 'You know that old lady Massai'. I said 'yes', and asked him if he wanted to file any complaint, and he said 'no'. Then he said, 'I am not going to put up with it any more, she is even sleeping with other men.'" There is nothing in the testimony to show that the "old lady Massai" referred to by the witness was Josephine Massai. No inferences will be indulged against one accused of crime. The State must make out its case by sufficient proof. Failure to prove the name of the alleged slandered female is fatal to a conviction. Humbard v. State, 21 Tex. Crim. App. 200.

We think the charge of the court correctly submitted the law of the case. We are not in accord with appellant's contention that the use of the language to the constable makes it a privileged matter.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*