Wheeler, J.
In this case there is no apparent connection between the recognizances in the record and the case presented by it. Neither purports oí *280 appears to be a recognizance of the defendants, or either of them, in the case of The State of Texas v. Ilardy Holman and William C. Pierce. If they were intended to bo recognizances in that case they do not describe the case correctly by its style and title, nor in any other manner connect themselves with it, but they purport to be recognizances taken in other and different cases. It is plain, therefore, that the recognizances in the record cannot support this appeal.
We are asked, however, to retain the appeal, for the purpose of enabling the appellants to perfect their recognizances. But this we cannot do, for the reason that tlie law evidently requires the recognizance to bo entered into during the term of the court at which the conviction takes place. It is a condition precedent to the appeal, and it is only in case of its performance that the court is authorized to.suspend the execution of sentence. (Hart. Dig., art. 473; Laturner v. The State, 9 Tex. R.) The recognizance is necessary to give this court jurisdiction, and none appearing to have been given in this case, the appeal must be dismissed in accordance with the decisions of this court in the cases of Hammond v. The State (8 Tex. R.) and Laturner v. The State* before cited.
Appeal dismissed»