## Thomas Herron v. The State.

An appeal bond, approved by the clerk of the District Court, is not a compliance with the statute (Code of Crim. Pro., art. 722) which requires a defendant, appealing in cases of misdemeanor, to enter into a recognizance.

A recognizance must be taken in open court.

Appeal from Ellis. Tried below before the Hon. J. W. Ferris.

The appellant was convicted at the March Term, 1863, upon an indictment for taking up, using, and appropriating to his own use, three work oxen, being estrays, without first complying with the laws regulating estrays. The jury assessed his fine at $137. Judgment accordingly, motion for a new trial overruled, and notice of appeal in open court. The opinion of the court states the other facts.

*Attorney-General*, for the appellee, moves to dismiss the appeal.

Bell, J.—The motion by the attorney-general, to dismiss the appeal, is granted. There is no recognizance, as is required by law in cases of appeal. (Oldham & White's Dig., art. 722.) There is an appeal bond, which appears to have been approved by the clerk of the court, on the 20th of March, 1863. The trial of the case seems to have taken place on the 5th day of the same month, and the judgment of the court to have been rendered on that day. The appeal bond is not sufficient to sustain the appeal. The law requires a recognizance, which must be taken in open court.

The appeal is dismissed.

Appeal dismissed.