### J. H. HARRIS *v.* THE STATE.

1. JURISDICTION OF THE COURT OF APPEALS.—This court has no jurisdiction on appeal in any criminal case, unless the appellant is either in jail or gave a sufficient recognizance during the term of the court below at which he was convicted.

2. PRACTICE—RECOGNIZANCE.—After an appeal has been dismissed by this.

court for want of a sufficient recognizance, the court below, at a subsequent term, has no authority to allow the appellant to perfect his appeal by filing a new recognizance *nunc pro tunc*, in that court; and such a proceeding can confer no jurisdiction on this court.

APPEAL from the County Court of Collin.

The opinion of this court states the facts involved in the motion in behalf of the state to dismiss the appeal. A motion for a rehearing was made and overruled.

*George McCormick*, Assistant Attorney General, for the State, moved to dismiss the appeal for want of a sufficient recognizance.

*Walton, Green & Hill*, for the appellant. The only question presented by the motion of the attorney general to dismiss is whether, after an appeal has been dismissed for want of a proper recognizance, the record can be amended *nunc pro tunc*, and the appeal be again brought up for revision; and we are cited to the case of *Peterson* v. *The State*, 32 Texas, 478.

If that case is to be taken as authoritative to the full extent of its language, there can be no question but that the attorney general is correct.

But we cannot believe so harsh a rule will be imposed upon citizens of the state who seek to defend their liberty against improper convictions, any more than it will be imposed upon those who only seek to defend their property.

In civil suits it is believed such a rule will not obtain. That it does not in cases brought to the court by writ of error, we know. For, where a cause is dismissed on account of irregularities and defects in the mode of bringing it up, it is no bar to another writ. See *Mays* v. *Forbes*, 9 Texas, 436.

So, in cases where notice of appeal was given below and was not entered by the clerk, it is believed to be the prac-

tice of the supreme court, upon a showing to that effect, to continue the case upon the docket, that the appellant may have an opportunity to correct the record according to the truth, and, as thus corrected, to be brought up by *certiorari*. And that the court below can correct the misprision of the clerk, and cause such entries in criminal cases to be made *nunc pro tunc*, is very clear. *Burnett* v. *The State*, 14 Texas, 455 ; *Rhodes* v. *The State*, 29 Texas, 19.

It is not perceived there is any difference in this from allowing a correction according to the truth after a dismissal for want of a formal recognizance.

There is no positive provision of the statute against it, and it would be going very far to say such a thing cannot be done.

Take the case, for instance, of a positively wrong direction by the judge in the court below, over the objection of the defendant, by means of which the recognizance is made defective ; what recourse has the defendant under the rule insisted on? He brings up the case to this court, and it is dismissed for informality because he has not given this court jurisdiction.

By the rule insisted on this is the end of his effort, and he must submit to probably an unjust judgment, just such as Justice Walker says was inflicted on the defendant in the case of *Peterson* v. *The State*, 32 Texas, before cited.

We imagine that the provisions of the constitution giving the right of appeal in such cases cannot in such manner be nullified.

And Chief Justice Hemphill, in *Laturner* v. *The State*, seemed to think that even a law, if the conditions are impossible to be performed by the defendant, could not deprive the defendant of such right. 9 Texas, 457.

It will not do, therefore, to lay down the rule in such broad language as Justice Walker uses in *Peterson* v. *The State*.

We ask, what is the court requested to do? Not to vio-late any principle of justice or positive law, but rather to grant to the citizen his right under the Constitution. The court is not asked to allow a new record to be made, but it is only asked to allow the record as originally made to be corrected so that the *truth* may appear.

This is the office of the judgment *nunc pro tunc*. There was no new entering into the recognizance; there were no new sureties given. Everything had been done which was necessary and proper to be done on December 6, 1876. The party and his sureties had appeared in open court. The state's officer, the district attorney, or the judge of the court, or the clerk of the court under his direction, had taken the recognizance of the defendant and his sureties in open court. The defendant was not an actor in the matter, further than to consent to be bound as required, and the only fault that can be imputed to any one was the fault of the officer of the state.

As said before, there is no positive requisition of the stat-ute (Pasc. Dig., 3185 *et seq.*) militating against amending a record at a subsequent term so that it shall speak the truth; nor is there any positive requisition of the statute that will make the dismissal of an imperfect record a bar to the bringing up afterwards a complete one. And, proba-bly, if this case had been before the judge who delivered the opinion in *Peterson* v. *The State*, he would have been led to have made a distinction in the cases, or at least to have modified to some extent the broad language employed; for it appeared there, in the statement of facts, that the entry of the recognizance *nunc pro tunc* was a new recogni-zance, and not the same recognizance that had previously been taken. If the judge had made that distinction in his opinion, we would have been content with the decision, for a new recognizance would not have been an entry *nunc pro tunc*.

ECTOR, P. J.     The defendant was convicted by the county court of Collin county, at its December term, 1876, for carrying a gun, on November 7, 1876, in the said county of Collin, on a day of election and during the hours when the polls were open, within the distance of one-half mile of a place of voting, etc.

He filed a motion for new trial, which was overruled, to which he excepted and gave notice of appeal, and entered into a recognizance during the same term of the court to perfect his appeal.

On the motion of the state the appeal was dismissed by this court, at the Galveston term, 1877, on account of a defect in the recognizance, as this court judicially knows. The counsel for the defendant, after the appeal had been dismissed, filed a motion in the county court of Collin county, at the April term, 1877, thereof, to correct the recognizance for appeal, and enter the same *nunc pro tunc*, so as to make said recognizance comply with the form in the statute. This motion was granted, when the defendant proceeded to give a *new recognizance*, and the case is again before this court on appeal. The state has filed a motion to dismiss it.

A second appeal cannot be taken in a criminal case after an order of this court dismissing a former appeal because of a defect in the recognizance. The county court acted without authority of law—after the adjournment of the term of said court at which defendant had been convicted and given notice of appeal, and given a defective recognizance— to allow him to give a second recognizance to perfect his appeal at a subsequent term.

When an appeal against the state has been dismissed for the want of a sufficient recognizance, the supreme court of this state has decided that the defendant cannot be allowed to perfect his recognizance in the court below and then prosecute a new appeal to this court, and that the second appeal should be dismissed. The law evidently requires the recog-

nizance to be entered into during the term of the court at which the conviction takes place. The court has no jurisdiction on appeal in any criminal case, unless the party is in jail or has given a sufficient recognizance. *Peterson* v. *The State*, 32 Texas, 478 ; *Pierce* v. *The State*, 10 Texas, 559 ; *Herron* v. *The State* 27 Texas, 337 ; Pasc. Dig., Arts. 3186, 3187, 6599, 6600.

The motion of the assistant attorney general to dismiss the appeal must be granted.

*Appeal dismissed.*