## JAKE GRANT *v.* THE STATE.

1. RECOGNIZANCE is an obligation of record, and the court which takes it can make no material alteration in it without the consent of all the cognizors.

2. SAME. — Defendant appealed from a conviction for assault and battery, but his recognizance stated the offence as "aggravated assault and battery." Subsequently the trial court, at defendant's instance, but without the consent of his sureties, caused the word *aggravated* to be struck out of the recognizance. *Held,* that the amendment was futile; and, the recognizance as taken being insufficient, the appeal is dismissed, on motion of the State.

3. PRACTICE. — Recognizance for appeal must be perfected during the term at which the conviction was had. It cannot be done at a subsequent term.

APPEAL from the County Court of Tarrant. Tried below before the Hon. C. C. CUMMINGS, County Judge.

The amendment of the recognizance was applied for and ordered at the term succeeding that at which the conviction was had. The nature of the amendment is indicated in the second head-note.

*Thomas Ball*, Assistant Attorney-General, moved to dismiss the appeal for want of a sufficient recognizance.

No brief for the appellant.

CLARK, J.   Under the law as it stood previous to the late revision, and at the time this appeal was taken, the effect of an appeal was to suspend and arrest all further proceedings in the court below until the judgment of this court was received in that court.   Pasc. Dig.; art. 3191.   This has been held to forbid any change or amendment of the minutes of the court below relating to the case, after notice of appeal had been given and entered.   *Knight* v. *The State*, 7 Texas Ct. App. 206.

The Revised Code of Criminal Procedure provides that in case of conviction for misdemeanor, notice of appeal shall have no effect whatever unless the defendant is in custody, or shall enter into the prescribed recognizance. Art. 851.   This is but a statutory reiteration of what the law had been declared to be before, and practically introduces no new feature in practice.   Evidently, under both the old law and the new, it is requisite that the recognizance shall be entered into at the same term of the court at which the conviction is had.   Upon a final adjournment of the court without a perfection of appeal by recognizance, no further power remains in the court below except to enforce the judgment of conviction; and such is the effect of previous decisions in this State.   *Holmes* v. *The State*, 10 Texas, 558; *Peterson* v. *The State*, 32 Texas, 477.

The practice of amending recognizances after the term would tend to beget laxity and confusion in the administration of the law, and might oftentimes frustrate justice in this class of cases.   A recognizance is an obligation of record, and, when once entered into, the court before which it is taken has no more authority to cause a material alteration to be made therein, without the assent of all the ob-

ligors thereto, than it would have to cause an alteration to be made in a bond filed in court; and the effect of any material alteration might be to discharge the obligors altogether.

There was no power in the court to amend the recognizance entered into in this case, in the mode attempted, and the original undertaking was insufficient to support an appeal. The motion of the State must therefore prevail, and the appeal is dismissed.

*Appeal dismissed.*