### ROBERT ALLISON V. THE STATE.

*No. 501.    Decided June 16.*

1. **Malicious Mischief—Recognizance—"Knowingly"—Want of Consent of Owner.**—Where a party has been convicted of the offense of "knowingly" causing sheep to go within the inclosed lands of another, under provisions of article 684 of the Penal Code his recognizance on appeal will be fatally defective if, in reciting the offense of which he was charged and stands convicted, it omits to state that the same was "knowingly" done, and fails to negative the want of consent of the owner of the land.

2. **Same—Jurisdiction on Appeal—**Without a proper and legal recognizance, jurisdiction will not attach in this court to misdemeanor causes unless the party be in jail.

APPEAL from the County Court of Sterling.   Tried below before Hon. P. D. COULSON, County Judge.

Appellant was tried and convicted in the lower court of the offense of unlawfully and knowingly causing a herd of sheep to go within the inclosed land of another, and was fined in the sum of $10.   He ap-

pealed to the Court of Criminal Appeals; but his recognizance to perfect his appeal failed to recite that the offense of which he was charged and convicted was "knowingly" committed; and also failed to negative the want of consent of the owners of the land.

The Assistant Attorney-General moved to dismiss the appeal, because the recognizance was fatally defective on account of these omissions.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for knowingly causing a herd of sheep to go within the inclosed lands of Wilson, Tankersly & Williams, without their consent. Penal Code, art. 684. The recognizance recites, that he "stands charged with unlawfully causing a herd of sheep to go within the inclosed lands of Wilson, Tankersly & Williams, and who has been convicted of said offense." To constitute a violation of said statute the party accused must "knowingly cause" the stock "to go within the inclosed lands of another without his consent." The recognizance is fatally defective in not alleging appellant "knowingly" caused the sheep to go within said inclosed lands, and in failing to negative the consent of the alleged owners. Unless he "knowingly" caused the sheep to go therein he could not be convicted, nor could the prosecution be maintained if he had the consent of either owner to cause them to enter thereupon. This offense is not one eo nomine, wherefore the ingredients of the offense must be set out in the recognizance. Willson's Crim. Stats., sec. 2650. Without a proper and legal recognizance, jurisdiction will not attach in this court to appeals in misdemeanor causes, unless the party be in jail.

The motion of the Assistant Attorney-General is sustained, and the appeal is dismissed.

*Dismissed.*

Judges all present and concurring.