BILL THOMPSON v. THE STATE.

*No. 976.   Decided February 12th, 1896.*

*Motion for Rehearing Decided March 4th, 1896.*

</div>

**1.   Recognizance on Appeal—Sufficiency of.**

A recognizance on appeal, in a misdemeanor case, is fatally defective which fails to specify the court before which the appellant "shall appear from day to day."

**2.   Same—Motion to Reinstate Dismissed Case—Clerk's Certificate—Practice.**

A motion to set aside the dismissal of a case where the recognizance is fatally ·defective, will not be granted in this court upon the certificate of the clerk of the trial court and the County Attorney to the effect that a proper recognizance, in the very terms of the law, was taken, and that said clerk omitted to enter and insert an important requisite of the recognizance, as taken, upon the minutes of the court. A recognizance cannot be perfected in this manner. It is the duty of appellant or his counsel to see that a recognizance is correctly entered on the minutes of the court below.

APPEAL from the County Court of Parker. Tried below before Hon. .J. L. L. McCALL, County Judge.

This is an attempted appeal from a conviction for violation of local ·option, in which the punishment was assessed at a fine of $25, and twenty days' imprisonment in the county jail.

The Assistant Attorney-General moved to dismiss the appeal because the recognizance was fatally defective in not specifying the court before which the appellant obligated himself to appear. This motion was sustained and the appeal dismissed. Thereafter appellant made a motion to set aside the dismissal and reinstate the appeal; and, in support of this motion, filed the following certificates, viz:

"Bill Thompson, Appellant v. The State of Texas.

"Now pending on appeal before the Court of Criminal Appeals at Dallas.

"I hereby certify that in the above cause, wherein said Bill Thompson was charged in the County Court of Parker County, Texas, with the offense of violating the local option law; that I was present when his recognizance was taken in said cause, and that the County Attorney, under the directions of the County Judge, actually took said recognizance from Willson's Criminal Forms, and read literally from said forms. That said recognizance, as it was actually taken, obligated, in express terms, the said Bill Thompson to appear before 'this court from day to day, and from term to term,' etc. That I was then acting as Deputy County Clerk and in attendance on the court, and entered the minute record of said recognizance, as it now appears in the transcript in said case before the Court of Criminal Appeals. That in entering the same on the minutes of the court, I unintentionally omitted the words, 'this court,' next before the words, 'from day to day, and term to term.' That it was a mere clerical error and omission on my part in making up said minute record, and that it was done without the knowledge and fault of said Bill Thompson. I furthermore certify, it was my intention to enter said recognizance on the said minutes of the County Court of Parker County, as it had been taken by the County Attorney, under the directions of the court, but, in some way, I omitted to insert the words, 'this court,' next before the words,' 'from day to day,' etc.; as it now appears in the transcript on appeal.

"Witness my hand, this 22nd day of February, 1896.

[Signed]            "J. E. HODGES,
                              "Deputy County Clerk."

"No. 1993, The State of Texas v. Bill Thompson.

"Now pending on appeal before the Court of Criminal Appeals, at Dallas, and appealed from the County Court of Parker County, Texas.

"I do hereby certify, that on the 29th day of March, 1895, Bill Thompson, the defendant in the above entitled and numbered cause, having been convicted therein and desiring to appeal therefrom, personally in open court (it being the County Court of Parker County, Texas), with R. B. Hood and J. B. Wadswort as his sureties, appeared for the purpose of having his recognizance therein taken as the law directs. That I, as County Attorney of Parker County, at the request of the County Judge took the said recognizance of the said Bill Thompson and his said sureties, and that with Willson's Criminal Forms in my hand, I caused the said defendant and his sureties to hold up their hands and then and there took said recognizance in the following exact words: 'Do you and each of you acknowledge yourselves severally indebted to the State of Texas in the penal sum of $250; conditioned that the said Bill Thompson, who stands charged in this court with the offense of unlawfully selling to W. A. Parker intoxicating liquor on the 1st day of March, 1895, in justice's precinct No. 2, after the qualified voters of said justice's precinct had

determined, in accordance with the laws of said State, that the sale of intoxicating liquor should be prohibited in said justice's precinct and the Commissioners' Court of said county had passed an order to that effect, which order had been duly published in accordance with law, and who has been convicted of said offense in this court, shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case.' That the said Bill Thompson with his said sureties, then and there acknowledged themselves so indebted and were then permitted to depart. That said recognizance was taken in the County Court of Parker County. That no other recognizance was taken in said case, and that if it appears otherwise in the minutes then it was not recorded in the manner it was taken, for I read literally from the Criminal Forms of Mr. Willson. I furthermore certify that said recognizance, as actually taken, stipulated that the said Bill Thompson would appear 'before this court,' to-wit: the County Court of Parker County. Signed by me the 22nd of February, 1896, officially.

"HOWARD MARTIN,

"County Attorney of Parker County, Texas."

[No briefs on file with the record.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant's recognizance, omitting the prior portions, recites: "And who has been convicted of said offense in this court, shall appear from day to day, and from term to term of the same, and not depart without leave of this court." It will be observed that this obligation does not specify the court before which the appellant "shall appear from day to day." The statute requires that this shall be done. Looking upon the terms of this instrument, the principal may as well be required to appear before this court as before the court of conviction, and it is patent that no court is specified before which he is to appear. For this reason we are of opinion this recognizance is fatally defective. See Willson's Crim. Proc., § 2650, for collated authorities. The appeal is dismissed.

*Appeal Dismissed.*

MOTION FOR REHEARING.

HENDERSON, JUDGE.—This cause was dismissed at a former day of this term, on the ground that the recognizance did not recite the court before which appellant was bound to appear. Appellant now comes before us on motion to reinstate said cause, and produces the certificates of the County Clerk and the County Attorney of Parker County, to the effect that a proper recognizance in the very terms of the law was taken, and that by clerical omission on the part of the said clerk in entering the recognizance on the minutes of the court, he failed to insert the court before which appellant was bound to appear. In some cases it is permitted to enter a judgment nunc pro tunc, but, even if this had been at-

tempted in the present case, we doubt if it could have been sustained, inasmuch as the recognizance was entered in the minutes of the court. But this course of procedure is not attempted here, and we are asked to consider the recognizance as perfected on the mere certificates of the clerk and County Attorney, and so consider the recognizance perfected, and conferring jurisdiction on this court to entertain the appeal. This cannot be done. After a recognizance is taken in court, it is the duty of the clerk, as soon as possible thereafter, to enter the same. This recognizance should be read as a part of the minutes of the court, and counsel for appellant should be present at the reading, and then see that the same has been entered correctly, and, if not, have the corrections then made. If he is not present at the reading, he should, at least, inspect the minutes of the court to see that the recognizance is entered correctly. It appears that he has failed to do this, and for this court now to permit the record to be amended in the manner attempted, would be to put a premium upon negligence. The motion for a rehearing is overruled.

*Motion Overruled.*