### SPEC TERRY v. THE STATE.

No. 1494. Decided January 10, 1912.

**Aggravated Assault—Custody—Practice on Appeal—Recognizance—Statutes Construed.**

Where appellant entered into an appeal bond and was released from custody, instead of entering into a recognizance, the appeal must be dismissed. Article 886, Code Criminal Procedure. Following Herron v. State, 27 Texas, 337, and other cases.

Appeal from the County Court of Harrison. Tried below before the Hon. G. L. Huffman.

Appeal from a conviction of simple assault; penalty, a fine of $10. The opinion states the case.

*Frank M. Scott* and *Geo. J. Ryan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted under a complaint and information, charging him with making an aggravated assault upon Frank Kane. When tried he was convicted of simple assault, and his punishment assessed at a fine of $10.

The Assistant Attorney-General has moved to dismiss the appeal, because it appears from the record that defendant is not in custody, and has not entered into a recognizance as required by law. It appears that after his motion for a new trial had been overruled, instead of entering into a recognizance in open court, he made an appeal bond and presented it to the sheriff, who approved same, and which bond was filed with the clerk of the County Court on the 12th day of August, 1911. Article 886 of the Code of Criminal Procedure provides: "When the defendant appeals in any case of misdemeanor he shall be committed to jail unless he enter into a recognizance." In the case of Herron v. State, 27 Texas, 337, it is said: "There is no recognizance as is required by law. There is an appeal bond which appears to have been approved by the clerk. The appeal bond is not sufficient to sustain the appeal. The law requires a recognizance which must be taken in open court." This opinion was rendered in 1863 and has been followed in an unbroken line of decisions from that day to this. In misdemeanor cases a defendant must enter into a recognizance in open court or be confined in jail. Allison v. State, 33 Texas Crim. Rep., 501, and cases collated in White's Annotated Code of Criminal Procedure, sec. 1239.

The motion is sustained, and the appeal is dismissed.

*Dismissed.*