### Floyd Johnson v. The State.

No. 1554. Decided January 24, 1912.

Rehearing denied February 28, 1912.

**Carrying Pistol—Appeal Bond—Recognizance.**

Where defendant was convicted in the County Court, gave notice of appeal and instead of entering into a recognizance, filed an appeal bond, his appeal must be dismissed for want of a recognizance, and he can not thereafter file a recognizance on motion for rehearing, as it did not supply a defective recognizance.

Appeal from the County Court of Leon. Tried below before the Hon. W. D. Lacey.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Wm. Watson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This appeal must be dismissed for want of a recognizance. There is in the record what purports to be an appeal bond signed by appellant and two sureties. It is not a recognizance but an appeal bond. This is not a sufficient compliance with

the law, and the motion of the Assistant Attorney-General must be sustained.

The appeal is dismissed.

*Dismissed.*

### ON REHEARING.

#### February 28, 1912.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term the appeal herein was dismissed for want of a recognizance. There was then in the record what purported to be an appeal bond signed by appellant and two sureties. It is not a recognizance, and for that reason the appeal was dismissed. Appellant undertakes to comply with an act of the Twenty-Ninth Legislature, which provides that when an appeal has been or shall be taken from the judgment of any court of this State by filing a bond or entering into a recognizance within the time prescribed by law in such case, and it shall be determined by the court to which the appeal is taken that such bond or recognizance is defective in form or substance, such Appellate Court may allow appellant to amend such bond or recognizance by filing a new obligation on such terms as the court may prescribe.

Where a party desires to evade confinement in jail during an appeal to this court from a conviction of a misdemeanor, the statute requires he shall enter into a recognizance. This recognizance must be entered into, of course, in open court and during the term of court at which the conviction occurred. After giving notice of appeal, the party convicted must go to jail pending his appeal unless he enters into a recognizance in open court. There is no authority by which a defendant can enter into an appeal bond after the adjournment of court in the first instance. The appeal bond entered into by appellant on his original appeal was executed on the 7th day of August, 1911; his conviction occurred on the 12th day of July, 1911, and he gave notice of appeal, but did not enter into a recognizance during the term time, the court having adjourned on the 22d day of July, 1911, something over two weeks before he executed his appeal bond. This was unauthorized, and such a bond was not such an instrument as is authorized by the statute. Appellant now files an instrument which is in the form of a recognizance, since the dismissal of this appeal, which occurred on the 24th of January last. This is not a legal instrument. It is not such instrument as is authorized to be executed. Had appellant entered into his recognizance during term time and it was legally deficient, he could have filed a new one in lieu of the defective recognizance, but the statute above quoted, Act of the Twenty-Ninth Legislature, does not authorize the execution of a recognizance or appeal bond in this character of case unless it is to supply a defective one entered into during term time. The motion for rehearing is based upon a request to entertain the appeal by means of the newly executed instrument.

Vol. LXV Crim.—27.

This instrument, as we have stated, is not a legal one, and does not attach the jurisdiction of this court, and is unauthorized by the statute.

The motion for rehearing is therefore overruled.

*Overruled.*