A recognizance on appeal in a misdemeanor case which did not state that the appellant was convicted of a misdemeanor or of any offense defined by law, or state the penalty assessed, was wholly insufficient.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 279–283; Dec. Dig. § 66.*]

Appeal from Dallas County Court, at Law; W. F. Whitehurst, Judge.

Bill Autry was convicted of unlawfully carrying a pistol, and he appeals. Appeal dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was convicted for unlawfully carrying a pistol and fined $100. Upon the motion of the state the appeal herein is dismissed because the recognizance is wholly insufficient in that it does not state that appellant was convicted of a misdemeanor, nor does it state that he was convicted of any offense defined by law, nor does it state the penalty assessed.

The appeal is dismissed.

## BRYANT v. STATE.

(Court of Criminal Appeals of Texas. May 8, 1912.)

CRIMINAL LAW (§§ 1092, 1095, 1099, 1102*)—APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.

Statement of facts and bills of exceptions filed 51 days after adjournment are too late and will be stricken, though the court attempted to allow 90 days after adjournment for their filing.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2866–2880, 2919; Dec. Dig. §§ 1092, 1095, 1099, 1102.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Jim Bryant appeals from a conviction. Affirmed.

Knight & Slaton, of Hereford, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was indicted under article 1221, P. C. (777), for willfully burning an automobile, a misdemeanor, the property of another, naming him. The statement of facts and bills of exceptions were filed 51 days after the adjournment of the court. The court undertook to allow 90 days after adjournment to file these.

The Assistant Attorney General has filed a motion to strike out the statement of facts and bills of exceptions because filed too late. The motion is granted. Toliver v. State, 144 S. W. 1138, and cases therein cited.

Without a statement of facts or bills of exceptions the question attempted to be raised by the motion for new trial cannot be considered.

The judgment is affirmed.

## CRAIG v. STATE.

(Court of Criminal Appeals of Texas. May 8, 1912.)

BAIL (§ 64*)—RECOGNIZANCE ON APPEAL.

A recognizance executed by accused after the adjournment of the court, and not entered into in open court, as required by statute, is insufficient; and the appeal must be dismissed on motion of the state.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 278; Dec. Dig. § 64.*]

Appeal from Sabine County Court; T. R. Smith, Judge.

Curtis Craig was convicted of crime, and he appeals. Dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Some days after the adjournment of court, appellant executed a bond, which is placed in the record as his recognizance or appeal bond. The Assistant Attorney General moves to dismiss the appeal, because, in the first place, the instrument is not a recognizance; and, in the second place, it was executed after the adjournment of court. The statute requires that the recognizance must be entered into in open court.

The motion to dismiss is well taken; and the appeal is dismissed.