## R. L. Wells v. State.

No. 1891.   Decided October 30, 1912.

Rehearing denied November 20, 1912.

**Embezzlement—Misdemeanor—Appeal Bond.**

Where defendant was convicted of a misdemeanor and filed an appeal bond after adjournment, instead of perfecting his appeal by entering into a recognizance during the term, the appeal must be dismissed,

Appeal from the District Court of Kaufman. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of a misdemeanor; penalty, a fine of $100 and six months confinement in the county jail.

The opinion states the case.

*James P. Alexander* and *W. L. Eason,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with embezzlement in an amount in excess of fifty dollars—a felony. When tried he was convicted of embezzlement of an amount less than fifty dollars—a misdemeanor.

After adjournment of court he attempts to perfect his appeal to this court by filing an appeal bond, not having entered into a recognizance during the term. Having been convicted of a misdemeanor only, the law does not authorize an appeal to be perfected by giving an appeal bond. (Art. 918, Code of Criminal Procedure; Herron v. State, 27 Texas, 337; Cook v. State, 8 Texas Crim. App., 671.) The motion of the Assistant Attorney-General to dismiss the appeal is sustained.

The appeal is dismissed. *Dismissed.*

[Rehearing denied November 20, 1912.—Reporter.]