## WELLS v. STATE.

(Court of Criminal Appeals of Texas. Oct. 30, 1912. Rehearing Denied Nov. 20, 1912.)

CRIMINAL LAW (§ 1076*)—APPEAL—MISDEMEANOR—RECOGNIZANCE.

Under the express provisions of Code Cr. Proc. 1911, art. 918, one convicted of a misdemeanor can perfect an appeal only by entering into a recognizance during the term, and not by giving an appeal bond.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2708–2716, 3201; Dec. Dig. § 1076.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

R. L. Wells was convicted of embezzling an amount less than $50, and he appeals. Dismissed.

James P. Alexander and W. L. Eason, both of Waco, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted, charged with embezzlement in an amount in excess of $50—a felony. When tried, he was convicted of embezzlement of an amount less than $50—a misdemeanor.

After adjournment of court, he attempts to perfect his appeal to this court by filing an appeal bond, not having entered into a recognizance during the term. Having been convicted of a misdemeanor only, the law does not authorize an appeal to be perfected by giving an appeal bond. Article 918, Code of Criminal Procedure; Herron v. State, 27 Tex. 337; Cook v. State, 8 Tex. App. 671. The motion of the Assistant Attorney General to dismiss the appeal is sustained.

The appeal is dismissed.