GEORGE KNOWLTON AND JOE DOMINGUEZ v. THE STATE.

No. 3168. Decided June 17, 1914.

Rehearing denied October 14, 1914.

**1.—Assault to Murder—Recognizance—Appeal Bond.**

Where defendant was convicted of an aggravated assault and filed an appeal bond instead of entering into a recognizance after giving notice of appeal, the appeal must be dismissed.

**2.—Same—Entering Into New Recognizance.**

Where defendants instead of entering into a recognizance to perfect their appeal in a misdemeanor case filed appeal bonds in place thereof, and the appeal was dismissed in this court, and they then attempted during the third term of the court below, since the conviction, to enter into a recognizance which the court below permitted, the appellants, in the meantime, having been at large, the appeal will not be reinstated. Following Johnson v. State, 65 Texas Crim. Rep., 416, and other cases.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of aggravated assault; penalty, one year confinement in the county jail.

The opinion states the case.

*Chambers & Watson,* for appellants.—On question of defective recognizance and appeal bond: Burton v. State, 48 Texas Crim. Rep., 544.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellants were indicted for assault with intent to murder. When tried they were convicted of aggravated assault. They entered into no recognizance. Instead they gave appeal bonds.

The State moves to dismiss the appeal because no recognizance was entered into. Under the statute and decisions the motion must be sustained. C. C. P., arts. 918 and 920; Wells v. State, 68 Texas Crim. Rep., 276, 150 S. W. Rep., 899; Hamilton v. State, 68 Texas Crim. Rep., 47, 150 S. W. Rep., 775.

The appeal is dismissed.

*Dismissed.*

### ADDITIONAL OPINION.

June 17, 1914.

PRENDERGAST, PRESIDING JUDGE.—Since writing the above, appellants have filed and called to our attention a recognizance entered into by each of the appellants since June 10th inst. and thereby seek to show that this court has jurisdiction. The record shows that the term of court at which this trial occurred adjourned on February 28, 1914. No recognizance was entered into during that term of the court. We know judicially that there have been two terms of the court since the conviction herein and that this recognizance, attempted now to be entered into, is at the third term of that court since the conviction. Appellants have been out and not in custody during any of that time. The recognizances now entered into do not take the place, and can not take the place of a recognizance that should have been entered into at the term of their conviction, nor can a recognizance now entered into be taken in lieu of an appeal bond which appellants gave at the term of court at which they were convicted. The statute and the decisions are clear on this point. Articles 918, 920, 923, C. C. P.; Johnson v. State, 65 Texas Crim. Rep., 416, 143 S. W. Rep., 1165; White v. State, 66 Texas Crim. Rep., 378, 146 S. W. Rep., 937; Craig v. State, 66 Texas Crim. Rep., 433, 147 S. W. Rep., 251; Hamilton v. State, 68 Texas Crim. Rep., 47, 150 S. W. Rep., 775; Palmer v. State, 63 Texas Crim. Rep., 614; Holman v. State, 10 Texas, 558; Grant v. State, 8 Texas Crim. App., 432; Herron v. State, 27 Texas, 337; Koritz v. State, 27 Texas Crim. App., 53; Youngman v. State, 38 Texas Crim. Rep., 459; Quarles v. State, 37 Texas Crim. Rep., 362.

This court has no jurisdiction of this cause.

*Dismissed.*

[Rehearing denied October 14, 1914.—Reporter.]