This case should not be reversed, but affirmed. I dissent.

---

BENNETT v. STATE. (No. 4185.)

(Court of Criminal Appeals of Texas. Nov. 1, 1916. On Motion for Rehearing, Dec. 20, 1916.)

1. CRIMINAL LAW ⊜⇒1131(4)—JURISDICTION ON APPEAL—DISMISSAL.

Where proper steps have not been taken to confer appellate jurisdiction on the court of Criminal Appeals, such court cannot enter any order other than to dismiss the appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 3056, 3067–3071.]

2. BAIL ⊜⇒64—APPEAL—RECOGNIZANCE.

An appeal bond not entered of record, but merely filed, will not answer the purposes of the recognizance required to perfect an appeal in a criminal case.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 278.]

On Motion for Rehearing.

3. BAIL ⚙══72—APPEAL—RECOGNIZANCE.

Under Acts 29th Leg. c. 115, providing that, where a recognizance entered into below is defective, the court may permit it to be amended by filing a new obligation, an appellant who failed to enter into a recognizance during term time, but merely filed an appeal bond, could not be permitted to enter into and file a recognizance in the Court of Criminal Appeals.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 288.]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

E. L. Bennett was convicted of manslaughter, and appeals. Appeal dismissed, and rehearing denied.

See, also, 194 S. W. 148.

C. A. Keller, R. H. Ward, and John H. Bickett, Jr., all of San Antonio, for appellant. Joe H. H. Graham, Asst. Dist. Atty., of San Antonio, and C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Under an indictment charging him with murder, appellant was convicted of manslaughter, and his punishment assessed at three years' confinement in the penitentiary.

[1] There are several very interesting questions presented in appellant's brief and in the able argument made to the court; but we are met at the threshold with a motion to dismiss the appeal, filed by the Assistant Attorney General, on the ground that this court has no jurisdiction of this appeal, because appellant, instead of entering into a recognizance on appeal as required by law, entered into an appeal bond while the court was still in session for the term. This is a jurisdictional question, and if proper steps were not taken to confer appellate jurisdiction on this court, we are powerless to enter any order herein other than to dismiss the appeal.

[2] The instrument copied in the record contains all the essentials of a recognizance, but it is denominated an appeal bond, is signed by the principal and sureties, and approved by the sheriff and district judge, and marked filed by the clerk on April 22, 1916. The term of court at which appellant was tried convened March 6, 1916, and adjourned on April 29th; it being thus conclusively shown that appellant entered into the obligation and secured his release during the term of court at which he was convicted.

Appellant's counsel earnestly insists that the instrument, although denominated an appeal bond, and signed by appellant and his sureties and approved by the sheriff, yet was intended as a recognizance; that it was reduced to writing and signed by appellant and the sureties at the request of the trial judge; that appellant did in fact enter into a recognizance in open court as required by law. Articles 316 and 317 of the Code of

Criminal Procedure define the terms "recognizance" and "bail bond" as used in our Code, and one of the differences in the definitions of the two terms seems to be that a "recognizance" is "the undertaking of the parties in such case, is not signed, but is made a matter of record in the court where the same is entered into," while a "bail bond" is thus defined, "It is written out and signed by the defendant and his sureties."

Owing to the varying contentions in this court, the court instructed the Assistant Attorney General to procure a certificate from the clerk of the district court of Bexar county as to whether the obligation in this case was ever entered of record in the minutes of the district court, and the clerk of the district court certifies over his official signature "that the appeal bond of defendant, E. L. Bennett, has never been entered of record in this office, but merely filed." So under no construction of the law are we authorized to treat the instrument as a recognizance. A similar question to this was presented to this court in the case of Maxey v. State, 41 Tex. Cr. R. 556, 55 S. W. 823, where in fact a recognizance was actually entered into, but no judgment entry carried forward into the minutes of the court, and this court held it was without jurisdiction to entertain the appeal. In that case the court said:

"The Assistant Attorney General has filed a motion to dismiss the appeal, because there is no recognizance in the record, nor a certificate that appellant is confined in jail. In reply to this appellant has filed an affidavit of the county judge to the effect that a recognizance was actually taken in open court. This is not sufficient. The recognizance should have been entered of record in the final minutes of the court. A recognizance is an undertaking entered into before a court of record in session by a defendant in a criminal action and his sureties, by which they bind themselves, etc. The requisites thereof are prescribed by our statutes. Articles 303, 308, 886–888, Code Crim. Proc. From an inspection of these articles it is evident that, whatever the court may have done in the way of taking recognizance, it is not perfected until this recognizance is entered of record in the final minutes of the case. 20 Am. & Eng. Enc. of Law (1st Ed.) 471. In Quarles v. State, 37 Tex. Cr. R. 362 [39 S. W. 668], it was held that the entry of this recognizance could not be made nunc pro tunc, so as to give this court jurisdiction. In Thompson v. State, 35 Tex. Cr. R. 505 [34 S. W. 124, 612], it was held it was the duty of appellant to see that this recognizance was entered of record before the adjournment of the court, and that such recognizance could not afterwards be amended. And see Dement v. State, 39 Tex. Cr. R. 271 [45 S. W. 917]. We accordingly hold that, in order to give this court jurisdiction, it is necessary not only that the recognizance be taken, but that such recognizance be entered of record during the term at which the appeal was taken."

If in fact appellant's counsel did enter into a recognizance, as he contends, and merely reduced it to writing, and had it signed at the request of the trial judge, yet he had another duty to perform—to see that it was entered of record in the minutes of the

court. Thompson v. State, 35 Tex. Cr. R. 507, 34 S. W. 124, 612.

As the instrument copied in the record shows on its face to be an appeal bond, and is so denominated in the record, was filed as such in the trial court, and never entered of record in the minutes of the court, we are not authorized to treat it as a recognizance. Under such circumstances, this court being without jurisdiction, the motion of the Assistant Attorney General must be sustained.

The appeal is dismissed.

### On Motion for Rehearing.

Appellant has filed a motion for rehearing, and he earnestly insists that the paper herein filed should be construed to be a recognizance, and not an appeal bond, he alleging that he and his sureties went into open court and offered to enter into a recognizance, and that it was at the suggestion of the trial judge that it was written out and signed. He files some affidavits in support of this contention. The state has filed a reply, supporting its contention also by affidavits. None of the affidavits do we deem necessary to recite other than that of Hon. W. S. Anderson, judge of the Thirty-Seventh district court, before whom the case was tried. The affidavit of Judge Anderson is as follows:

"I, W. S. Anderson, judge of the district court of Bexar county, Thirty-Seventh judicial district of Texas, on this the 21st day of November, A. D. 1916, being first duly sworn, on oath depose and say as follows:

"That I have read the affidavits attached to the application for rehearing filed by appellant in cause No. 4185, E. L. Bennett v. State of Texas, now pending in the honorable court of Criminal Appeals at Austin, Tex., said affidavits being as follows: The affidavit of E. L. Bennett, appellant, shown on pages 4 and 5 of said motion for rehearing; affidavit of Fred Mayer, shown on pages 6 and 7 of said motion for rehearing; affidavit of Sol Frank, shown on pages 8 and 9 of said motion; affidavit of J. C. Bennett, shown on pages 10 and 11 of said motion; affidavit of J. G. Bennett, shown on pages 12 and 13 of said motion; affidavit of R. H. Ward, shown on pages 14 and 15 of said motion; affidavit of C. A. Keller, shown on page 16 of said motion. And I here and now state and swear that many material facts set forth in each of said affidavits are untrue and do not correctly show the facts that transpired in the Thirty-Seventh judicial district court before me as judge therein on the 22d day of April, A. D. 1916, when the defendant in the court below, appellant in this court, E. L. Bennett, attempted to perfect his appeal therein.

"I have formerly made an affidavit which I considered sufficiently intelligible and sufficiently detailed to show the actual happenings upon said occasion, which said affidavit has been filed as a portion of the supplemental brief of the state of Texas in this case and in this court, and same is now at Austin, and not before me, but, * * * in view of the affidavits of E. L. Bennett and others above referred to, and as supplementary of my former affidavit, I make the following affidavit, in order that this court may know what occurred, and all that occurred:

"It is true that appellant, E. L. Bennett, Sol Frank, and other persons came into the courtroom of the Thirty-Seventh district court the 22d day of April, A. D. 1916, about noon. For what purpose they came there I do not know, except as I may judge said purpose from the acts that they afterwards performed. It is stated in the foregoing affidavit of E. L. Bennett and others that Fred Mayer, Sol Frank, J. C. Bennett, and J. G. Bennett were examined by the court as to their qualifications as sureties, and that the court announced that he would approve them as sureties, and that they, together with E. L. Bennett, in the presence of the court, each and all entered into an acknowledgment with said E. L. Bennett as principal, and with the said other parties as sureties for E. L. Bennett, on his appeal to the Criminal Court at Austin. This statement is not the truth. I never examined any of said persons as to their qualifications as sureties, and none of said parties ever before me as judge of the Thirty-Seventh district court acknowledged themselves bound to the state of Texas in any sum, nor entered into an acknowledgment of themselves as principal or sureties.

"Said affidavits further state 'that after the court had approved said sureties and after the acknowledgment as aforesaid, at the request of the judge of the said court, the form of the said acknowledgment and recognizance was written out on the typewriter at the dictation of R. H. Ward, one of the attorneys for appellant, and we [E. L. Bennett, Fred Mayer, Sol Frank, J. C. Bennett, and J. G. Bennett] then and there signed the same as shown by said recognizance, a certified copy of which is marked Exhibit A and filed with this motion.' This statement is not true, in this, that there never was an examination of the sureties made by the court as shown in said affidavit before the writing of the obligation or instrument shown on page 3 of the motion for rehearing, and there never was any acknowledgment taken or entered into by said principal and sureties before the making of the said written instrument, and there never was any requirement or direction made or given by me to the said E. L. Bennett, his attorney, or said sureties, or any of them, as to what they should do in order to perfect their appeal.

"Said affidavit further shows: 'The recognizance referred to as Exhibit A in this case was not written out and presented to us to sign before it was approved by the court, but the proceedings were had as above stated, and the paper we signed was a recital of what had occurred before in the presence of the court.' This statement is not true, for the reason that there never was any recognizance entered into, and therefore there never was any recognizance approved by the court, before or after the execution of the written instrument set out on page 3 of the motion for rehearing, and this statement is further untrue because there never were any proceedings had as therein stated, and the papers signed by E. L. Bennett and sureties was not a recitation of what had theretofore occurred, and in the presence of the court, because up to the time that said instrument was presented to the court nothing had occurred before or in the presence of the court. What actually occurred in reference to this matter was this: On the 22d day of April, A. D. 1916, in the morning of the said day, between 9:30 a. m. and 12 m., during the term of the Thirty-Seventh district court of Bexar county, Tex., at which E. L. Bennett, appellant herein, and who was then defendant, in said case pending in the Thirty-Seventh district court, at which term of said court appellant was tried for murder and convicted of the offense of manslaughter, and his punishment assessed at three years in the penitentiary of the state of Texas, defendant's motion for a new trial came on to be heard before the court, and, the court having heard said motion and the arguments of counsel thereon pro and con, said motion was by the court overruled, and the defendant then and there gave notice of appeal to the honorable Court of Criminal Appeals in the state of Texas sitting at Austin, and thereupon counsel for

the defendant asked the court what amount of security on appeal would be required, and the court informed him that there would be required security in the sum of $3,000. And thereafter at, to wit, about the hour of noon of the same day, there came into the Thirty-Seventh district courtroom Sol Frank and other persons, and thereupon said persons and defendant sat down at a table in the courtroom, off to one side, about 10 or 15 feet from the rostrum, and the attorney for defendant came up to said rostrum and asked the court if any of the officers of the court had any blank bonds or blanks for the making of bonds on appeal, and the court replied 'that he didn't know, but that there were several cases that had been appealed from Bexar county by other attorneys, and that he presumed that they had prepared proper papers on appeal, and that said papers would be found, he presumed, in the district clerk's office.' Thereupon the said attorney left the courtroom, and by and by returned with a paper which he said he had obtained from the sheriff, and stated to the court that said paper was not in proper form, and that he would have to prepare a proper paper. And thereupon said attorney again left the courtroom and stayed away for a considerable length of time. He then came back into the courtroom with a typewritten paper, sat down at the table with the defendant, E. L. Bennett, Sol Frank, and other persons, and after a few minutes he got up and came to the court's rostrum and handed the court the paper set out on page 3 of appellant's motion for rehearing, which paper at that time, however, did not have on it any approval by me, W. S. Anderson, as judge of the Thirty-Seventh judicial district court of Bexar county, or any other approval by me, and it did have on it at that time the approval of John W. Tobin, sheriff of Bexar county, by J. W. Galbreath, deputy, and also had on it the following names in the order given, to wit: E. L. Bennett, Fred Mayer, Sol Frank, J. C. Bennett, and J. G. Bennett. Whereupon I looked at said paper, and, seeing the name of Sol Frank thereon, and knowing of my own knowledge that Sol Frank was worth many times $3,000, I wrote upon said instrument by filling in blank in paper prepared therefor: 'Approved. April 22, 1916. W. S. Anderson, Judge of the Thirty-Seventh Judicial District Court, Bexar County, Tex.'—and handed the same back to said attorney. What was done with the same after that time I do not know.

"I further expressly state that the transaction that took place upon this occasion occurred just as I have stated above, and that it did not occur as stated in the affidavits herein mentioned made by E. L. Bennett and others and attached to his said motion for rehearing, and I further state that nothing was done upon said occasion except as herein stated; that I never examined any of the sureties, and was never requested to do so; that I never caused said sureties to stand up before me and become recognized, and I never read to them or caused them to state, or heard them state, that they were recognized, nor was I ever requested' to do so, and that I never directed the entry in the final minutes of any recognizance in this case, because there was no recognizance to be entered, and I never signed said final minutes showing any recognizance, and the minutes of this term, when signed by me, had no recognizance in them, and there is no such entry in them now; that I never suggested or directed said attorney, except to state to him how I had heretofore acted in such matters, how to perfect his appeal, and never interfered with him in any manner, but that I did all and everything that the said attorney asked me to do, and had he asked me to do anything else that he considered necessary or advisable to protect the rights of his client, that I would have done it.

W. S. Anderson, Judge of the Thirty-Seventh District of Bexar County, Texas.

"Sworn and subscribed to before me this the 21st day of November, A. D. 1916. Geo. B. Mauermann, Notary Public in and for Bexar County."

It is further shown by the affidavits that this paper was not presented to the clerk, but to the sheriff of Bexar county, Tex., and filed in his office instead of the office of the district clerk. Without going further into the merits, it is readily seen that this court is not authorized to treat the instrument as a recognizance, and entertain jurisdiction of his appeal, but it is simply an appeal bond, and, being entered into in term time, it was unauthorized by law.

[3] Appellant has filed a motion that he be now allowed to amend the bond by entering into and filing a new recognizance. This question was before this court in the case of Johnson v. State, 65 Tex. Cr. R. 416, 143 S. W. 1165, and it was held:

"On a former day of this term the appeal herein was dismissed for want of a recognizance. There was then in the record what purported to be an appeal bond, signed by appellant and two sureties. It is not a recognizance, and for that reason the appeal was dismissed. Appellant undertakes to comply with an act of the Twenty-Ninth Legislature (Acts 29th Leg. c. 115), which provides that, when an appeal has been or shall be taken from the judgment of any court of this state by filing a bond or entering into a recognizance within the time prescribed by law in such case, and it shall be determined by the court to which the appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow appellant to amend such bond or recognizance by filing a new obligation on such terms as the court may prescribe. * * *

"Appellant now files an instrument, which is in the form of a recognizance, since the dismissal of this appeal. * * * This is not a legal instrument. It is not such instrument as is authorized to be executed. Had appellant entered into his recognizance during term time, and it was legally deficient, he could have filed a new one in lieu of the defective recognizance; but the statute above quoted (Acts 29th Leg.) does not authorize the execution of a recognizance * * * unless it is to supply a defective one entered into during term time."

To the same effect is the case of Knowlton v. State, 75 Tex. Cr. R. 8, 169 S. W. 674, and cases cited.

Again this instrument was not entered in the minutes during the term of court at which appellant was tried, and under the authorities cited in the original opinion this would be fatal.

The motion for rehearing is overruled.