### MRS. LACY WHITCOMB v. THE STATE.

#### No. 4249.  *Decided December 20, 1916.*

**1.—Vagrancy—Recognizance—Appeal Bond—Rule Stated.**

An appeal in a misdemeanor case tried in the County Court, can only be perfected by entering into a recognizance in open court. Following Maxey v. State, 41 Texas Crim. Rep., 556, and other cases. An appeal bond will not answer the purpose of a recognizance, nor confer jurisdiction on the Court of Criminal Appeals. Following Palmer v. State, 63 Texas Crim. Rep., 614, and other cases, and where the appellant was convicted of vagrancy in the County Court, and filed an appeal bond, this court had no jurisdiction.

**2.—Same—Recognizance—County Clerk—Nunc Pro Tunc—Minutes of the Court.**

Where the county judge certified that he in fact took a recognizance, but that it was not entered in the minutes of the court, and it appeared from the record that the lower court had adjourned and this court had dismissed the appeal, that the county clerk after adjournment of court, without permission of the court, added to the minutes of the court a copy of the instrument filed, this gave no jurisdiction to this court, even if the lower court ordered the bond entered nunc pro tunc. Following Quarles v. State, 37 Texas Crim. Rep., 362, and other cases.

**3.—Same—Rule Stated—Recognizance.**

In order to give this court jurisdiction, it is necessary not only that the recognizance be taken, but that such recognizance be entered of record during

the term at which the appeal is taken. Following Knowlton v. State, 75 Texas Crim. Rep., 8.

Appeal from the County Court of Anderson. Tried below before the Hon. E. V. Swift.

Appeal from a conviction of vagrancy; penalty, a fine of two hundred dollars.

The opinion states the case.

*Kay & Seagler,* for appellant.—Cited Burton v. State 90 S. W. Rep., 498.

*C. C. McDonald,* Assistant Attorney General, and *J. J. Strickland,* County Attorney, for the State.

HARPER, JUDGE.—Appellant was convicted of vagrancy in the County Court, from which judgment she prosecutes this appeal.

There are several bills of exception in the record, but the Assistant Attorney General has filed a motion to dismiss this appeal on the ground that this court is without jurisdiction, and attaches to said motion the following certificate of the county clerk of Anderson County:

"I, J. I. Hopkins, clerk of the County Court in and for Anderson County, Texas, do hereby certify over my official signature and seal that in cause No. 7009, styled State of Texas v. Mrs. Lacey Whitcomb, in the County Court of Anderson County, Texas, and now on appeal in the Court of Criminal Appeals of Texas, do hereby certify that the appeal bond filed was never recorded in the minutes of the court; said bond is dated April 21, 1916, and is signed by Mrs. Lacy Whitcomb as principal and C. M. Kay, F. E. Dublin, and R. V. Snaer as sureties; that this said appeal bond is the only bond ever filed by the said Mrs. Lacy Whitcomb and is the bond that the case was appealed on, and is the bond that was filed in my office and placed with the papers and copied into the transcript; that said bond was never recorded on the minutes of this court, and no bond in her case was ever recorded on the minutes of this court, and no recognizance in her case was ever copied on the minutes of this court; and the above appeal bond dated April 21, 1916, was the only bond or recognizance tendered me, and the only bond of any description filed in this court after her conviction."

An appeal in a misdemeanor case, tried in the County Court, can only be perfected by entering into a recognizance in open court. Art. 920, Code of Criminal Procedure; Maxey v. State, 41 Texas Crim. Rep., 556; Quarles v. State, 37 Texas Crim. Rep., 362; Koritz v. State, 27 Texas Crim. App., 53. An appeal bond will not answer the purpose of a recognizance, nor confer jurisdiction on the Court of Criminal Appeals. Palmer v. State, 63 Texas Crim. Rep., 614; Herron v. State, 27 Texas, 337; Cook v. State, 8 Texas Crim. App., 671; Arnold v. State, 3 Texas Crim. App., 437; Bacon v. State, 10 Texas, 98; Savbly v. State, 83 S. W. Rep., 709. In Jones v. State, 1 Texas Crim. App., 485, an

instrument of the character and kind shown by this record to have been executed by appellant is held to be an appeal bond and conferred no jurisdiction on this court. For other decisions so holding see Bennett v. State, decided at the last sitting of this court.

The appeal is dismissed.

*Dismissed.*

## ON REHEARING.

### December 20, 1916.

HARPER, JUDGE.—Appellant has filed a motion asking that the order dismissing this case be set aside, and attached to said motion is the certificate of the county judge of Anderson County in which he certifies that he in fact took a recognizance, but that it was not entered in the minutes of the court for the term. The term of court at which appellant was tried adjourned the first day of last July, and after this court had dismissed this appeal, copying therein the certificate of the county clerk of date November 4, 1916, appellant or her counsel goes to the clerk, and without any order of the court, so far as the record discloses, has the clerk to copy the instrument filed, and so certify on the 14th day of November, 1916. The clerk, after the adjournment of court, without permission, had no authority to add to or take from the minutes as approved by the court, but had the court ordered the bond entered nunc pro tunc, he would have no authority to do so, as has been frequently decided by this court.

The questions here presented have heretofore been passed on by this court, and we do not deem it necessary to discuss them again. In Maxey v. State, 41 Texas Crim. Rep., 556, this court held:

"The Assistant Attorney General has filed a motion to dismiss the appeal, because there is no recognizance in the record, nor a certificate that appellant is confined in jail. In reply to this, appellant has filed an affidavit of the county judge to the effect that a recognizance was actually taken in open court. This is not sufficient. The recognizance should have been entered of record in the final minutes of the court. A recognizance is an undertaking entered into before a court of record in session by a defendant in a criminal action and his sureties, by which they bind themselves, etc. The requisites are prescribed by our statutes. Articles 303, 308, 886-888, Code Crim. Proc. From an inspection of these articles it is evident that, whatever the court may have done in the way of taking recognizance, it is not perfected until this recognizance is entered of record in the final minutes of the case. 20 Am. & Eng. Ency. of Law, 1 ed., 471. In Quarrels v. State, 37 Texas Crim. Rep., 362, it was held that the entry of this recognizance could not be made nunc pro tunc, so as to give this court jurisdiction. In Thompson v. State, 35 Texas Crim. Rep., 505, it was held it was the duty of appellant to see that this recognizance was entered of record before the adjournment of the court, and that such recognizance could not afterwards be amended. And see Dement v. State, 39 Texas Crim.

Rep., 271. We accordingly hold that, in order to give this court juris-
diction, it is necessary not only that the recognizance be taken, but
that such recognizance be entered of record during the term at which
the appeal was taken." For list of authorities of recent date see Knowl-
ton v. State, 75 Texas Crim. Rep., 8, 169 S. W. Rep., 674.

The motion for rehearing is overruled.

*Overruled.*