### JIM WELCH v. THE STATE.

#### No. 4748. Decided December 12, 1917.

**1.—Unlawfully Carrying a Pistol—Appeal Bond—Recognizance.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the appellant filed an appeal bond instead of a recognizance, the appeal must be dismissed for want of jurisdiction. Following Palmer v. State, 63 Texas Crim. Rep., 614, and other cases.

**2.—Same—Suggestions to Legislature.**

See opinion for suggestion to Legislature to amend the law so as to permit the filing of an appeal bond as in case of felonies.

Appeal from the County Court of Titus. Tried below before the Hon. J. W. Tabb.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction was for unlawfully carrying a pistol.

The term of court expired the 9th day of December, 1916. There is no recognizance in the record, though an appeal bond, filed the 4th day of December, 1916, appears. The Assistant Attorney General, on behalf of the State, has filed a motion to dismiss the appeal because of the failure to enter into a recognizance. Article 918, C. C. P., is as

follows: "When the defendant appeals in any case of misdemeanor from the judgment of the District or County Court, he shall, if he be in custody, be committed to jail, unless he enter into recognizance to appear as hereinafter required; and, if he be not in custody, his notice of appeal shall have no effect whatever, until he enter into recognizance." At page 880, Vernon's C. C. P., numerous cases are collated, requiring a dismissal in the absence of a recognizance unless affirmative proof that the appellant is in jail is contained in the record. See Harris v. State, 2 Texas Crim. App., 134; Brinson v. State, 68 Texas Crim. Rep., 49, 150 S. W. Rep., 776. The form of recognizance is prescribed by article 919 of the Code of Criminal Procedure, and under that article in Vernon's C. C. P., page 882, are listed numerous cases holding that in the absence of such recognizance jurisdiction in this court does not attach. In fact, such is the statute, article 820, C. C. P. An appeal bond such as that contained in the record in this case is held not a substantial compliance with the law requiring recognizance, and not available in lieu thereof. Palmer v. State, 63 Texas Crim. Rep., 614; Bacon v. State, 10 Texas, 98; Herron v. State, 27 Texas, 337; Jones v. State, 1 Texas Crim. App., 485; Arnold v. State, 3 Texas Crim. App., 437; Cooke v. State, 8 Texas Crim. App., 671; Hamilton v. State, 68 Texas Crim. Rep., 47, 150 S. W. Rep., 775; Wells v. State, 68 Texas Crim. Rep., 276, 150 S. W. Rep., 899; Saye v. State, 66 Texas Crim. Rep., 257, 145 S. W. Rep., 1189; Johnson v. State, 65 Texas Crim. Rep., 416, 143 S. W. Rep., 1165.

It is to be regretted that the Legislature has not seen fit to declare the appeal may be prosecuted from a conviction for misdemeanor on an appeal bond as it has declared with reference to felonies. In the absence of such declaration we are constrained to grant the motion, and order the appeal dismissed.

*Dismissed.*